ASBURY *et al.*, *Appellants*, v. ODELL.

Judgment: HUSBAND AND WIFE. A judgment which erroneously includes the wife with the husband, while void as to the former, is valid as to the latter, except when attacked on appeal or in a direct proceeding to vacate it; and it is a bar to a recovery in a second suit upon the same cause of action.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Peak, Yeager & Ball* for appellants.

The personal judgment rendered against Mary J. Odell and her husband, David C. Odell, was an absolute nullity and constituted no defence to appellant's cause of action against David C. Odell. A personal judgment cannot be rendered in this state against a married woman by a justice of the peace. A judgment against several defendants is an entirety and is good as to all or bad as to all. If it is void as to part it is void as to all. Free-

man on Judgments, sec. 136; *Ins. Co. v. Clover*, 36 Mo. 392; *Frazer v. Williams*, 24 Ohio St. 625. A judgment against several parties, one of whom is a married woman, is void. *Decker v. Lidwell*, 3 Mo. App. 586; *Swayne v. Lyon*, 67 Pa. St. 439. The judgment rendered by Justice Bacon being void, there was no merger of the cause of action in the judgment. *Richardson v. Aiken*, 84 Ill. 221. In order that a judgment may operate as a bar or estoppel it must be a valid judgment. Bigelow on Estoppel, 21.

*Wash Adams* for respondent.

(1) This judgment against husband and wife is good against the husband in a collateral proceeding, because the justice who rendered it had jurisdiction. Where a court has acquired jurisdiction of the person and the subject matter it cannot render a void judgment. At most it could only be irregular, erroneous and voidable. *Gray v. Bowles*, 74 Mo. 423. (2) "The common law in all actions of contract inexorably required the plaintiff to prove his contract against as many persons as he alleged it. He must recover against all or against none." The reason for this rule was removed by our statute. R. S., § 3541. (3) A judgment absolutely void as to one defendant for want of service of process is valid as to the others when attacked in a collateral proceeding. See *Lenox et al. v. Clark*, 52 Mo. 115; *Hardin v. McCause*, 53 Mo. 255; *Holt Co. v. Harmon et al.*, 59 Mo. 166; *Bailey v. McGinness*, 57 Mo. 362; *Carlin v. Cavender*, 56 Mo. 286. (4) The same rule is established with respect to judgments at law against husband and wife, and it is held that a judgment against husband and wife, though void as to her, is good against him when attacked in a collateral proceeding. See *Warneke v. Wood*, 58 Mo. 353; *Watkins v. Abraham*, 24 N. Y. 72; *Dorrance v. Scott*, 3 Wharton (Pa.) 314; *Higgins v. Peltzer*, 49 Mo. 157; *Weil v. Simmons*, 66 Mo. 617. (5) The rules above referred to respecting the immunity of irregular and

erroneous judgments from collateral attack apply with equal force to justice's judgments as to judgments of courts of record. See *Jeffries v. Wright*, 51 Mo. 215; *Brackett v. Brackett*, 53 Mo. 265; *Bernal v. Lynch*, 36 Cal. 135; *Bell v. Raymond*, 18 Conn. 100. It is elementary law that the judgment (if valid) always merges the cause of action sued on. See *Cooksey v. K. C., St. J. & C. B. R. R. Co.*, 74 Mo. 477; *Downing v. Still*, 43 Mo. 318; *Barnett v. Juday*, 38 Ind. 86; *Mitchell v. Hawley*, 4 Denio 416. The case of *Smith v. Ross*, 7 Mo. 463, practically disposes of the question here involved.

MARTIN C.—This is an action against the defendant as maker of a promissory note, and was commenced before a justice of the peace. On appeal to the circuit court, judgment was rendered in favor of defendant, from which the plaintiffs appeal. The note is dated October 14, 1876, and purports to have been executed by David C. Odell and Mary J. Odell, who therein promise, for value received, to pay to Susan R. Asbury, on or before October 1, 1877, the sum of $85. Various credits appear to have been received towards payment.

The defence consists of a plea of former recovery. The plea was supported in the evidence by a transcript of a record of a suit and judgment before a justice of the peace, in favor of the plaintiffs herein, and against the defendants, David C. Odell and Mary J. Odell, on the same note sued on in this case. It is admitted that Mary J. Odell is the wife of David C. and was such at the execution of the note. On the evidence the court very properly declared that the plaintiffs could not recover.

It is insisted by plaintiffs that the judgment against said Mary J. is void on account of her coverture. It is then argued that the judgment as an entirety is necessarily void, also, as to David C., the defendant herein. Conceding for purposes of the argument, that the judgment is void as to one of the defendants therein, the position that it must be treated in a collateral proceeding as void

as to the other defendant, cannot be maintained in this state. It has been frequently decided in this court that a joint judgment, void as to one defendant for want of service of process, is valid as to the other, when assailed in a collateral proceeding. *Lenox v. Clarke*, 52 Mo. 115; *Hardin v. McCause*, 53 Mo. 255; *Carlin v. Cavender*, 56 Mo. 286; *Bailey v. McGinness*, 57 Mo. 362; *Holt Co. v. Harmon*, 59 Mo. 166. The same rule has been applied to judgments which erroneously included the .wife with the husband. Although void as to her, they have been invariably sustained as to him, except when attacked in a direct proceeding to vacate them, or on appeal. *Wernecke v. Wood*, 58 Mo. 353; *Watkins v. Abrahams*, 24 N. Y. 72; *Dorrance v. Scott*, 3 Wharton (Pa.) 314; *Higgins v. Peltzer*, 49 Mo. 157; *Weil v. Simmons*, 66 Mo. 617. It is, perhaps, proper for me to remark here that it does not appear from the record given in evidence that Mary J. was the wife of David C. Odell. She might have been his sister so far as the transcript discloses. Under our present practice act a married woman, when sued with her husband, can defend by attorney, either with or without him. I think the absolute nullity of judgments rendered against a married woman obtains principally in cases in which the record discloses her coverture and consequent inability to contract or incur the debt or liability for which the judgment is given. Such, I believe, are the cases in which the principle has been recognized in this state. It is unnecessary, however, to express any opinion on this point, or to define the limits within which the rule should be applied. The judgment in evidence was valid against the husband, in either event, whether void or merely voidable as against the wife.

In pursuance of these views the judgment is affirmed. All concur.