WARREN V. GALBREATH, Respondent, v. JAMES S. ROGERS, Appellant.

Kansas City Court of Appeals, December 24, 1887.*

1. PRACTICE—STIPULATIONS MADE IN COURT DURING TRIAL—CASE ADJUDGED.—In some instances and under some circumstances, courts will relieve parties of stipulator made in a cause, but it is never done merely for the reason that the case has gone contrary to the expectation of the stipulator. The stipulation here was entered into before any pleadings had been filed by defendants, and could not have been made with regard to any pleadings filed afterwards by plaintiff ; and there is no reason why they should not abide by the stipulation.

2. —————  ————— WHETHER MARRIED WOMAN BOUND BY—CONSTRUCTION OF SECTION 3468, REVISED STATUTES.—A married woman can be bound by such a stipulation as was made here. The statute (Rev. Stat., sec. 3468) provides that in all actions by husband and wife, or against them, they may prosecute or defend by attorney, and it shall not be necessary for the wife to sue, with her husband, by next friend or defend by next friend. Under this statute since she may appear by attorney she should be bound by the proceedings in court had in connection with it. The stipulation is not properly a contract, it is a proceeding in court and under the supervision of the court, and such proceedings bind those incapable of binding themselves out of court.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded to abide the result in Galbreath v. Newton, ante, p. 380.*

Statement of case by the court.

The following statement is sufficiently full and correct to cover the points presented for consideration :

In December, 1881, a number of suits were brought in the Pettis circuit court to recover on special tax bills,

---

*NOTE :—This case was not delivered to me by the clerk until June 28, 1888.—*Reporter.*

issued on account of the macadamizing of Ohio street, in the city of Sedalia, against the property abutting on said street. In some of these cases one T. B. Anderson, the contractor, was plaintiff, and in the others the plaintiff was the plaintiff in this case, to whom Anderson had assigned some of the tax bills. At the January term, 1882, the several defendants filed demurrers in their respective cases. At the May term, 1882, the demurrers were withdrawn, and 'the attorneys for the defendants prepared and presented a stipulation applying to all the cases, which was signed by the attorneys for both plaintiffs, Anderson and Galbreath, and for all of the defendants—the same attorneys, appearing for all of the defendants. The stipulation provided that only one of the cases, *Galbreath v. Newton*, should be tried, and that all the others should abide the result of that case, and that the pleadings filed in that case should be considered as filed in each of the other cases. The court consented to the stipulation, and ordered it filed in each case, which was done, and a proper order, according to the terms of the stipulation, was entered in each case.

Accordingly an answer was afterwards filed in the Newton case at the May term, 1882, and a reply, being a general denial, was filed thereto. At the January term, 1884, a trial was had, at which both sides introduced evidence and asked instructions upon the question of estoppel as well as others. The judge refused the plaintiff's instructions and gave the defendant's, and there was a verdict for defendant. Thereupon the attorneys for the several defendants caused judgments to be entered in all the cases in favor of defendants as per this stipulation. The plaintiff filed a motion for a new trial, which was argued at the January term, 1885, and at the May term, 1885, the court granted a new trial.

The plaintiff then filed an amended reply, formally pleading the estoppel. At the January term, 1886, the Newton case again came on for trial. When the evidence was about concluded, the attorneys for the defendant stated to the court and to plaintiff's attorney that

they intended to ask to be relieved from the stipulation. Nothing, however, was done for some days. On January 9, 1886, the jury returned a verdict for the plaintiff in the Newton case, and judgment was entered accordingly. On January 15 the plaintiff filed motion in each of the other cases for judgment in accordance with the aforesaid stipulation. On January 22 the defendants, except in the Newton case, filed joint objections to plaintiff's motions and a joint application to be relieved from the effect of the stipulation. A ruling was delayed upon this application until it could be learned what would be the fate of the motion for new trial, which had been filed by the defendant in the Newton case. All these motions went over to the May term, 1886. The motion for new trial in the Newton case was overruled on May 3, and an appeal taken on May 24. Then the motions for judgments in the other cases and the application to be relieved from the stipulation were taken up together. Upon the hearing the plaintiff introduced in evidence the stipulation, the record in the Newton case showing the verdict and judgment at the January term, 1886; also that there had been a trial of the Newton case in January, 1884, and a judgment for defendant; the motion for new trial and the granting of the same in May, 1885; also the instructions asked on both trials, which were practically the same on both trials. It was also admitted that the evidence was substantially the same on both trials. The plaintiff also showed that one George Snedaker had died since the last trial, that he was an important witness for plaintiff, having peculiar knowledge of the matters involved, and that his testimony could not be supplied by any other witness. The attorneys for defendants then stated orally in court that they would agree that the testimony of Snedaker might be read on any future trial from the notes which they (defendants' attorneys) had preserved of the same.

Upon the hearing, the attorneys for the defendants read the application to be relieved from the stipulation, but did not introduce any evidence.

The court overruled the defendants' application, and sustained the plaintiff's motions for judgments, and judgments were entered accordingly. The defendants unsuccessfully moved for new trial and in arrest of judgment, and have appealed.

This case of *Galbreath v. Rogers* is brought and submitted to this court to determine all the others. The defendants claim that an additional point exists in some of the cases, because one of the defendant owners of the property is a married woman. It is agreed that Harriet L. Sampson is the owner of an ordinary legal estate in the property charged in her case, and that she is the wife of her co-defendant, F. A. Sampson, one of the attorneys for the defendants. As all of the cases are involved in this appeal, it is desired and requested that this court will, in its decision, pass upon the question, whether or no Mrs. Sampson is entitled to be relieved from the stipulation by reason of her being a married woman, so that the opinion which may be filed will be broad enough to dispose of all the cases awaiting the result of this one.

W. S. SHIRK, E. J. SMITH and JOHN MONTGOMERY, JR., for the appellant.

The stipulation having been entered into under a mistake, and the effect being to deprive defendant of a trial of his cause upon the merits, defendant should be relieved from it. *Howe v. Lawrence*, 22 N. J. Law, 106; *Becker v. Lamonte*, 13 How. Pr. 23; *The Hiram*, 1 Wheat, 440; 3 P. Williams, 342; *Malin v. Kinney*, 1 Cain, 117; 1 Hoff. Ch. Pr. 28, 29; *Holly v. Young*, 68 Me. 215; 1 Greenleaf Evid. [13 Ed.] sec. 206; *Griffith v. Townley*, 69 Mo. 17; Pomeroy's Equity, sec. 817.

GEO. P. B. JACKSON, for the respondent.

I.   The stipulation was not a contract, but an act in the progress of the case. It was a part of the proceedings in court. It was an act in which the parties, plaintiff and defendant, and the court participated, and was

like any other act done or order entered by the court. It should have effect, and the appellant should be compelled to abide its provisions. *Barry v. Ins. Co.*, 53 N. Y. 536; *Ames v. Webbers*, 10 Wend. 576; *Bank v. Franklin*, 55 N. Y. 235; *Railroad v. Stephens*, 36 Mo. 150; *Franklin v. Ins. Co.*, 43 Mo. 491; *Schaeffer v. Siegel*, 9 Mo. App. 594; *Lyon v. Bolling*, 14 Ala. 753; s. c., 48 Am. Dec. 122–8.

II. There was no evidence of any mistake. If there was any mistake, it was of law and not of fact. Even if there had been a mistake of fact, the appellant forfeited all right to complain of it, by his laches, and by enforcing the stipulation when it was to his advantage to do so.

III. The same effect should be given to the stipulation against a married woman as against any one else. Rev. Stat., sec. 3468; *Asbury v. Odell*, 83 Mo. 267.

ELLISON, J.—I. In some instances and under some circumstances courts. will relieve parties of stipulations made in a cause, but it is never done merely for the reason that the case has gone contrary to the expectation of the stipulator. Something was said to the effect that the reply setting up an estoppel in the test case was in the nature of a surprise to defendants, as the first reply was simply a general denial of the new matter in the, answer. But the stipulation was entered into *before* the answer or either reply was filed and could not have been made with a view to any particular state of the pleadings. At the first trial of the test case the defendant was successful, and the defendants now resisting this stipulation were then quick and eager to enforce it, and did enforce it by having judgments entered in accordance therewith. But on the second trial of the test case, the plaintiff was successful, and when he in turn undertakes to enforce the stipulation against those defendants, they resist. Their case is not good. There is no reason why they should not abide by the stipulation.

II. One of the defendants is a married woman, she

owning some of the abutting property by general title, and the additional point is made that she cannot be bound by the stipulation. I am of the opinion she can. Section 3468 of the Revised Statutes provides that, "in all actions by husband and wife, or against husband and wife, they may prosecute the same by attorney, or they, or either, may defend by attorney ; and it shall not be necessary for the wife, in any such case, to sue with her husband by next friend or appear and defend by next friend." See, also, *Asbury v. Odell*, 83 Mo. 267. Under this statute it would seem that, as she can appear in person or by attorney and defend herself, or in conjunction with her husband, as the case may be, she should be bound by the proceedings in court, had in connection with the case. The stipulation is not properly a contract. It is a proceeding in court and under the supervision of the court. Bishop, in his work on Married Women (vol. 2, sec. 386), says, in connection with the matters in some degree applicable here, that, "Judicial proceedings, conducted and entered of record in due form, without fraud, bind the parties to them, whether those parties are capable of binding themselves out of court or not."

As the judgment in the test case has been reversed and remanded by us at this term, it follows that, though we sustain the court below in this case, it, too, must be reversed and remanded to abide the result in the other. Hall, J., concurs ; Philips, P. J., having been of counsel, not sitting.