W. V. GALBREATH, Respondent, v. JENNIE F. ROGERS et al., Appellants.

[And sixteen other cases.]

Kansas City Court of Appeals, May 11, 1891.

1. Stipulation : HOW LONG BINDING. A stipulation that certain cases shall abide the result of a given case is binding as long as the causes of action continue the same.

2. Appellate Practice : SECOND APPEAL. When the trial court has pursued strictly the path marked out by the appellate court, it is the duty of the latter to approve that action.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*E. J. Smith* and *John Montgomery, Jr.*, for appellants.

(1) The court should have allowed defendant to withdraw from the stipulation. Especially so, after plaintiff filed an amended petition in the test case, *Galbreath v. Newton. Howe v. Lawrence*, 22 N. J. Law, 106 ; *Becker v. Lamonte*, 13 How. Pr. 23 ; *The Hiram*, 1 Wheaton, 440 ; 3 Peer Williams, 342 ; *Molin v. Kinney*, 1 Cain, 117 ; 1 Hoffman, Ch. Pr. 28, 29 ; *Holly v. Young*, 68 Me. 215 ; 1 Greenl. Ev. [ 13 Ed.] sec. 206 ; *Griffith v. Townly*, 69 Mo. 17 ; Pomeroy's Equity, sec. 817 ; *Galbreath v. Rogers*, 30 Mo. App. 401 ; *Pendergast v. Richards*, 2 Mo. App. 187.

*Geo. P. B. Jackson*, for respondent.

(1) The court committed no error in refusing to strike out the amended petition, nor in refusing to

permit the defendant to file answer, nor was there any error in rendering judgment in this case, under the stipulation, in accordance with the result of the trial in the case of *Galbreath v. Newton,* for the reason that the case of *Galbreath v. Rogers* was appealed to this court on the former occasion to determine the effect of the stipulation in all the cases, and upon that occasion this court decided that the parties to the stipulation must abide its terms, and all the cases affected by the stipulation were remanded to the circuit court of Pettis county to abide the result in the case of *Galbreath v. Newton. Galbreath v. Rogers,* 30 Mo. App. 401; *Shroyer v. Nickell,* 67 Mo. 589; *Chouteau v. Allen,* 74 Mo. 56; *State ex rel. v. Givan,* 75 Mo. 516; *Connor v. Pope,* 23 Mo. App. 344. (2) The amended petition based upon the amended tax bills was, perhaps, not necessary in this case; but at all events the same presented the identical cause of action set forth in the original petition, and was not any change of the cause of action. *Eyerman v. Blakesley,* 13 Mo. App. 407; *Eyerman v. Scollay,* 16 Mo. App. 500; *Weber v. Schergens,* 28 Mo. App. 587; *Morley v. Weakley,* 86 Mo. 451; *Galbreath v. Newton,* 30 Mo. App. 380. The appeal in this case was wholly unnecessary under the former rulings of this court, and frivolous and vexatious, and, the the defendant having given a *supersedeas* bond, the court should award damages to the respondent. R. S., sec. 2305.

GILL, J.—These seventeen cases belong to a series of eighteen suits brought to enforce certain special tax bills for macadamizing Ohio street, in the city of Sedalia. At the inception of the litigation a stipulation or agreement was entered into and filed in each cause, whereby it was provided that *Galbreath v. Newton* alone should be tried as a test case, and the remaining ( to-wit, the cases above mentioned ) should abide the result of such test case. *Galbreath v. Newton* was first tried in the circuit court in 1886; plaintiff had

judgment in his favor, and defendant appealed to this court. The lower court, also, in pursuance of the stipulation, entered a judgment for plaintiff in each of these seventeen suits. However, before the judgments were entered, these defendants filed their motion requesting the court to set aside and relieve them from the stipulation ; but the motion was overruled, and judgment entered in each case as in the test case of *Galbreath v. Newton.*

Then the *Newton case* was appealed, and along with it was brought up the case of Galbreath *v.* James S. Rogers, the latter for the purpose of having this court's decision as to the merits of the stipulation. The circuit court had decided that these several cases must abide the disposition of the *Newton case,* or, in other words, declined to relieve defendants therefrom, and this court approved the action of the lower court in that regard, for reasons set out in *Galbreath v. Rogers,* 30 Mo. App. 401, closing the opinion with this order: "As the judgment in the test case has been reversed and remanded by us at this term, it follows that, though we sustain the court below in this case, it, too, must be reversed and remanded *to abide the result in the other.*" These cases then went back to the circuit court; the *Newton case* was again tried, but on an amended petition ( as more definitely stated in our opinion in that case ), and judgment went in favor of the plaintiff. Defendants, in these seventeen cases, again pressed their claim to be relieved of the said stipulation, but were refused by the court below, and judgments were entered in each of said cases for the plaintiff, as in the *Newton case.* The said test case coming to us again on appeal, we have just affirmed, *ante,* p. 312, and the question now is, what disposition shall be made of the said seventeen cases, which, by stipulation, were to abide the result in said *Newton case.*

There is little to be said on this question. The lower court has in its action conformed with the suggestions of this court when the *Rogers case* was here

before, and we have nothing to do but to affirm the judgments in these several cases. At the former hearing of the *Newton case*, this court pointed out some defects in the tax bills in suit, and suggested they ought to be amended, and they were amended, which, of course, necessitated an amended petition. In the matter of instruction in that case this court, too, found fault, and these were as well corrected at the retrial, and for reasons fully set out in our opinion the judgment in said *Newton case* has been affirmed. What then is in the way of likewise affirming judgments in these seventeen cases? Nothing has transpired on this retrial of the *Newton case* in any way to change the rule that these cases are to go along with and abide the result reached in the *Newton case.* As held by us in said test case the causes of action in the amended petitions are the same causes of action as declared upon in the original petitions. There are no new and disputed causes of action. They are the same now as in the beginning of this litigation. They were, at most, then defectively stated, while now the allegations are perfectly set out. Since then the lower court has pursued strictly the path marked out by this court, it is our duty to approve its action. *Shroyer v. Nickell*, 67 Mo. 590; *Galbreath v. Newton*, 30 Mo. App. 380; *Galbreath v. Rogers*, 30 Mo. App. 401.

Judgments affirmed.