CITY OF ST. JOSEPH *ex rel.* WM. E. GIBSON, Respondent, v. GEORGE HAX, Appellant.

Kansas City Court of Appeals, December 4, 1893.

Stipulation: ABIDING RESULT. It was stipulated that this case should abide the result of F. case appealed to the supreme court, provided that case was determined on its merits. F. case was determined on its merits, though no point was made on a question of interest. *Held*, this case cannot farther be prosecuted on the question of interest, which might have been settled in F. case.

*Appeal from the Buchanan Circuit Court.*—HON. S. P. HOUSTON, Special Judge.

AFFIRMED.

*E. C. Zimmerman* and *S. S. Shull* for appellant.

*H. K. White* for respondent.

(1) The judgment of the supreme court of Missouri in the *Farrell case* was a judgment upon the merits within the meaning of the stipulation between the parties, and the court did not err in refusing to sustain the motion in arrest. *City of St. Joseph v. Farrell*, 106 Mo. 437; *Railroad v. Stephens*, 36 Mo. 150; *Davis v. Hull*, 90 Mo. 165; *Landis v. Hamilton*, 77 Mo. 554, *loc. cit.* 565; Freeman on Judgments, secs. 260, 263–267, 272; Black on Judgments, secs. 694, 704; *Brown v. Sprague*, 5 Denio, 545; *Galbraith v. Newton*, 40 Mo. App. 401; *Galbraith v. Newton*, 45 Mo. App. 324.

ELLISON, J.—This is an action instituted upon a tax bill issued on account of the building of a sewer in the city of St. Joseph. There was a finding for plaintiff including fifteen per cent. interest on the tax bill and judgment to bear that rate. Defendant thereupon filed his motions for a new trial and in arrest of judgment. There had been a cause tried in the lower court in which the plaintiff here was plaintiff against Edward Farrell, defendant, which involved the same questions involved in this cause—the judgment in that cause, as in this, drawing fifteen per cent. That case was pending in the supreme court of this state on appeal by Farrell. It was then stipulated by the parties that the motion for new trial and in arrest in this cause should be continued, the case to abide the result of the *Farrell case* in the supreme court, provided that court determined the case on its merits. That court did afterwards determine the case on its merits and affirmed the judgment, though it seems no point was made as to the rate of interest which the judgment drew. 106 Mo. 437.

City of St. Joseph ex rel. v. Hax.

This case then coming on to be disposed of, defendant withdrew his motion for new trial. Plaintiff read the stipulation referred to and the decision of the supreme court aforesaid. The trial court then overruled the motion in arrest and defendant appeals to this court, making the point here that the judgment should not bear fifteen per cent. interest.

From a consideration of the agreement in this cause there can be no doubt but that the *Farrell case*, appealed to the supreme court, and this case were regarded by the parties as involving the same questions and that to save trouble and expense it was agreed that the final disposition of this case on the motions for new trial and in the arrest of judgment should be continued over, not to be called up until after the decision of the *Farrell case*. The judgment in that case involved the very matter in dispute in this case and the agreement that this case should abide the result of that case was properly acted upon by the trial court. To permit questions to be raised now which might have been presented in the other case, but were not, would be to violate the evident intention and meaning of the stipulation. A stipulation would be of slight moment if all that was necessary to avoid it would be to call into requisition the ingenuity of counsel to raise some new question. There is no reason apparent to us why defendant should be relieved of his stipulation. See *Galbreath v. Rodgers*, 30 Mo. App. 401; *Ib*. 45 Mo. App. 324.

The judgment below will, therefore, be affirmed. All concur.