———o———

STATE OF MISSOURI to use of JAMES G. EARLY, Plaintiff in Error, *vs.* F. LEFAIVRE, *et al.*, Defendants in Error.

1. *Practice, civil—Trials—Written instruments—Who interprets.*—It is the duty of the court to ascertain and interpret the meaning of written instruments as a matter of law, and the duty cannot be shifted to the jury in the shape of questions of fact.

*Error to Warren Circuit Court.*

*Frank T. Williams,* for Appellant.

I. There is no ambiguity in the agreement.

*C. E. Peers,* for Defendants in Error.

I. The agreement was intended to apply to the justice's court alone, and the court committed no error in allowing it to be explained to the jury.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff relies on two points to reverse the judgment of the court below: First—That the court erred in impaneling the jury; and secondly, that the decision was wrong in reference to the agreement entered into between the parties. The first question raised need not be considered, as it will probably not again occur on a new trial, and we think the judgment should be reversed for manifest error committed as to the second point.

From the record it seems, that four several attachment suits were commenced against the plaintiff, Early, before a justice of the peace, one being in favor of one Archer, and another in favor of the defendants in this case.

The cases were all precisely similar, and whilst they were pending in the justice's court, the parties entered into a written agreement, providing that the Archer case should be tried, and that all the remaining cases should abide the result of that case.   Upon the trial the case was decided in favor of Archer, sustaining the validity of the attachment proceedings.

'But the defendant there, who is the plaintiff here, appealed the case to the Circuit Court, where the judgment was reversed and the attachment dissolved and dismissed.   The other cases were not appealed.

After the final decision in the Archer case, the plaintiff brought this suit on the attachment bond.

At the trial the court permitted the defendants to introduce evidence tending to show, that it was their understanding that the agreement only related to the result of the justice's court, and then instructed the jury, that if they found from the evidence, that the written agreement signed by the parties applied only to the trial of the Archer case in the justice's court, they should find for the defendants.

Under this instruction, the jury brought in a verdict for the defendants, upon which judgment was rendered.

The agreement was in plain unambiguous terms, and was not capable of being varied by parol testimony.   It was, that the plea in abatement in all the remaining cases should abide the result of the Archer case.   No particular court was mentioned, but the agreement extended to the final determination of the case, let it end where it would: Under that agreement the defendant in that case took it to the Circuit Court to produce the final result, and the other cases were allowed to remain in abeyance, awaiting the final result.

It is the duty of the court to ascertain and interpret the meaning of written instruments, as a matter of law, and this duty cannot be shifted to the jury in the shape of questions of fact.

The judgment of the Circuit Court should be reversed, and the cause remanded.   The other Judges concur.