OLEAN MILLING COMPANY, Plaintiff, v. L. B. TYLER, defendant CITIZENS' BANK OF ELDON, Garnishee, Appellant.

Kansas City Court of Appeals. December 5, 1921.

1. STIPULATIONS: Judgment: Where Parties Entered into a Stipulation to Abide Final Judgment in Another-Case Which was Reversed with Directions by Appellate Court, the Entry of Judgment in Ac-

Olean Milling Co. v. Tyler.

cordance with Mandate was Proper. In a garnishment proceeding in aid of an attachment where the parties in the trial court before appeal entered into a stipulation that they would abide the final judgment of the trial court in the case of another attachment creditor against the same garnishee then on trial, and the Court of Appeals reversed and remanded the cause with directions to the trial court to enter judgment against the garnishee which the trial court did in accordance with the opinion' and mandate of Court of Appeals, the action of the trial court in rendering judgment against the garnishee in the case at bar was proper in view of the stipulation.

2. **CHATTEL MORTGAGES: Liens: Legal Title Before Condition Broken is in the Mortgagor.** A chattel mortgage is regarded as constituting a security only and merely creates a lien on the subject-matter, the legal title to the property before condition broken being in the mortgagor.

3. **FRAUDULENT CONVEYANCES: Chattel Mortgages: Bulk Sales Law: Creditors not Bound by Lien of Chattel Mortgagee upon Taking Possession of Mortgaged Property where Notice Thereof was not Given as Required by Statute.** The disposition of the property in controversy was had at the time the bank took possession of the stock of goods when the condition of the mortgage was broken, for it was then that the title as between the mortgagor and mortgagee passed to the bank for the purposes of possession and foreclosure, hence it made no difference that the lien of the mortgagor created by recording the chattel mortgage prior to the sale of the goods by plaintiff to the mortgagor might appear to be a prior lien, as the Bulk Sales Law (Rev. St. 1919, section 2286)', provides that when there is such a disposition of a stock of merchandise and fixtures, notice should be given, and the mortgagee having failed to comply with such requirement, the creditors were not bound thereby and had a right to contest the validity or even the existence of the Chattel Mortgage.

Appeal from the Circuit Court of Miller County.—*Hon. John G. Slate,* Judge.

.AFFIRMED.

*W. S. Stillwell* and *H. L. Donnelly* for respondent.

*Embry & Embry* and *R. F. White* for Garnishee, appellant.

BLAND, J.—This is a garnishment proceeding in aid of an attachment wherein plaintiff at the December term,

1919, of the trial court obtained judgment against defendant Tyler in the sum of $84.50. At the March term, 1921, of said court a judgment was rendered against the garnishee bank in the sum of $104.86, and garnishee has appealed.

. . This is a companion case to the case of Vaughan v. Tyler, Citizens' Bank of Eldon, garnishee, 226 S. W. 1034. In the trial of that case had before the appeal was taken a stipulation was entered into the court below as follows: It is further agreed that the case where Olean Milling Company was plaintiff and said Bank was Garnishee "shall abide the final judgment of the Circuit Court of Miller County, Missouri, in the case now on trial wherein W. M. Vaughan is plaintiff and L. B. Tyler is defendant and Citizens Bank is garnishee." The Vaughan case was appealed to this court where the judgment of the trial court was reversed and the cause remanded with directions to that court to enter judgment against the garnishee and in favor of plaintiff in the sum that appeared to be due in that case. On receipt of the mandate the circuit court of Miller county rendered judgment in favor of plaintiff and against the Citizens' Bank of Eldon, garnishee, in accordance with the opinion and mandate of the court.

We think there is no question but that the action of the court rendering judgment against the garnishee in the case at bar was proper in view of this stipulation. The final judgment rendered by the circuit court of Miller county in the case of Vaughan v. Tyler was the one rendered upon the receipt by the trial court of the mandate of this court in that case. The record does not disclose anything in regard to the circumstances under which the stipulation was entered into to indicate that it was intended to mean other than the words themselves of the stipulation indicate. There is no other construction to be placed upon the words of the stipulation except that the final judgment in the Vaughan case should control the final judgment in the case at bar. [Hanchett Bond Co. v. Glore, 232 S. W. 159.]

However, we think that the judgment of the trial court was proper for another reason. Under the rule of this State a chattel mortgage is regarded as constituting a security only and merely creating a lien on the subject-matter, and the legal title of the property covered by the mortgage before condition broken is in the mortgagor. [Zeltman v. Bank, 67 Mo. App. 672, 677.]

Therefore it would make no difference that the fact that the chattel mortgage was recorded on June 9, 1919, as shown by the record in this case, instead of October 20, 1919 as appeared in the record in the Vaughan case, and the fact that the bank admits that the mortgage was fraudulent as to the stock of goods but insists on its validity as to the furniture and fixtures in the store, and that plaintiff in this case sold the goods, on account of which this suit arose, several months after the giving and filing of the chattel mortgage. Section 2286, Revised Statutes 1919 (Sec. 1 of the Bulk Sales Law), brings under its provisions "the sale, trade or disposition . . . of a stock of merchandise, or merchandise, fixtures and equipment, or equipment pertaining to the vendor's business." We think that the disposition of the property in controversy was had at the time the bank took possession of the stock of goods when the condition of the mortgage was broken, for it was then that the title as between the mortgagor and mortgagee passed to the bank, at least, for the purposes of possession and foreclosure. [Lange v. Securities Co., 231 S. W. 272; Leavel v. Johnson, 232 S. W. 1064.]

It makes no difference that the lien of the mortgagor created by the recording of the chattel mortgage prior to the sale of the goods by plaintiff to defendant Tyler might appear to be a prior lien. The Bulk Sales Law provides that when there is a disposition of the stock and fixtures that the notice should be given. The creditors were not bound by the appearance of the thing, they have a right to contest the validity or even the existence of the chattel mortgage.

We think the judgment was right and therefore it is affirmed. All concur.