T. R. EARLY v. YEWELL G. SMALLWOOD, PEOPLES TRUST COMPANY, FRANK PALERMO, COEN BUILDING MATERIAL CONSTRUCTION COMPANY and WILLIAM D. WOOD; YEWELL G. SMALLWOOD, Appellant.

Division One, December 31, 1923.

1. **PLEADING: Mechanic's Lien: Indebtedness.** A petition to foreclose a materialman's lien which alleges 'that the "last delivery" of lumber and material was made on May 21st, "when the amount claimed accrued and became due," and that on October 10th and within six months from the date said "account" accrued a just and true account of the "indebtedness" was filed with the clerk of the circuit court, sufficiently states that plaintiff within six months after the claimed "indebtedness" accrued filed a just and true account of the demand due him after all just credits were given.

2. **STIPULATION: Agreement for Judgment for Plaintiff: Binding on Appellant: Estoppel.** The first paragraph of the stipulation simply stated that judgments for mechanic's liens of defendants and interveners shall be entered for the amount set opposite their names, but the two subsequent paragraphs refer to the mechanic's liens filed by "said respective parties" and "the various

mechanic's-lien claimants whose names are signed hereto," and plaintiff's name was signed thereto and the amount of the judgment to which he was entitled and the amount he would take in satisfaction thereof are stated, and immediately after the signatures of the lien claimants is a recital signed by appellant, one of the defendants, that "the foregoing liens will not be contested in this court" by appellant, except the lien of another named defendant. *Held*, that the stipulation provided that plaintiff's lien will be sustained, and appellant is at least estopped from contesting said lien, since in substance he waived all error in the establishment thereof.

3. **MECHANIC'S LIEN: Pleading: Naming Owner.** An intervening petition, by a materialman in the suit to foreclose a mechanic's lien, stating that appellant is the owner of the lots, that the materials were sold and furnished to certain other defendants, and that the purchasers were contractors with appellant for the erection of the buildings, sufficiently names the owner of the property and the contractor.

4. ———: **Material Furnished: Used in Building: Deference to Chancellor.** Where there is substantial evidence that the material furnished by a materialman went into the building, and the only evidence to the contrary is the unsatisfactory testimony of two witnesses that after delivery a bucket of plaster was removed by a sub-contractor and that a sack or two of cement or sand were stolen, the finding by the chancellor, in the equitable suit to foreclose a mechanic's lien, that all the materials for which a lien is claimed were supplied and were used in the construction of the building, will not be disturbed on appeal.

5. ———: **Personal Judgment: Satisfaction.** A judgment enforcing a materialman's lien against the property in a mechanic's lien case is not reversible error because there is incorporated therein a personal judgment against the owner, where the lienor was paid in full from the proceeds of the sale of the lots under the judgment rendered and said personal judgment, as well as the lien, were fully satisfied.

6. ———: **Several Separate Judgments.** Where the contractors, various materialmen, the holder of a vendor's lien and the holder of a prior deed of trust were joined as parties in the suit to enforce mechanic's liens, either by the petition or as interveners, the rendition of a separate judgment and the award of execution for the amount due each lienor is not erroneous, where the judgment provided that the proceeds of sale under any execution should be distributed and paid out on all the judgments, and the property, having been sold under execution in favor of one lienor, all the

Early v. Smallwood.

liens were paid out of the proceeds, and the residue was credited on the judgment of the mortgagee upon his mortgage lien.

7. ———: **Vendor's Lien: Intervention.** The holder of a vendor's lien can intervene and set up his lien in a suit by a materialman to enforce his mechanic's lien against the lots. The general rule is that such relief is not responsive or in any way a defense to plaintiff's petition, but under the statute (Sec. 7240, R. S. 1919) any person claiming any interest in the property can, by intervening petition, set up his claim in such suit, and have it adjudicated, foreclosed, and satisfied out of the proceeds of the sale of the property. And the facts set up in the intervening petition in this case, and the proof to support its allegations, entitle said petitioner to a vendor's lien on the lots, subject to a deed of trust and the mechanic's liens, and to a personal judgment against the grantee.

8. ———: ———: **Judgment: Lump Sum.** Although the vendor, who intervened in the suit of the materialman to enforce a mechanic's lien on buildings constructed under contract with the vendee, claimed a vendor's lien on each of four lots for a note equal to one-fourth of the sale price of the four, it is immaterial that the judgment in his favor was for a lump sum and for a fore-closure of his vendor's lien on all the lots, where he was entitled to and secured a personal judgment against the vendee for the sum of all the notes, and the decree awarded to him judgment and execution against all the lots for the full amount of his otherwise unsecured notes as a first lien prior to all other liens, and only so much of the proceeds of the sale was paid to him as was equal to the amount of said unsecured purchase notes, the balance being first used to pay the mechanic's liens and a prior mortgage.

9. ———: **Deed of Trust.** In a suit to enforce a mechanic's lien, the holder of notes secured by a deed of trust is entitled to have it foreclosed, if there has been any such a default as, by its terms, authorizes foreclosure.

10. ———: **Receivers: Attorneys in Case: Acquiescence.** Attorneys, as a simple gratuity, to keep appellant from being in default, filed an answer for him. Afterwards he appeared in person and by another attorney, and by consent of all parties these attorneys were appointed receivers, took charge of and completed the buildings under the orders of the court, and issued receivers' certificates in order to complete the building, which were paid out of the proceeds when the property was sold by the sheriff under execution in favor of one of the lienors. Said attorneys were also attorneys for other parties, but that fact does not appear to have affected the case adversely to appellant, who, after their appoint-

ment, was represented by said other attorney, and who never at any time, by motion or in pleading, objected in the trial court to said receivers or their acts, although they made full report thereof from time to time. *Held*, that the maxim, *Volenti fit non injuria*, is applicable, and bars appellant from complaining on appeal of the disqualification or any act of the receivers.

11. **AMENDED PETITION:** Refusal to Permit Answer. At the close of all the evidence, one of the interveners filed an amended petition "to conform to the proof," and appellant asked and was refused permission to file an answer thereto. The original petition does not appear in the record, nor is it made to appear that the amended petition contains any material allegation not found in the original, or that appellant filed an answer to the original petition. The evidence shows that the intervener was entitled to the judgment rendered in his favor, and that, the evidence being closed, no answer that appellant could have filed would have been of any avail. *Held*, that, notwithstanding the statute (Sec. 1285, R. S. 1919) says that "if any amendment be made to any pleading, the adverse party shall be allowed an opportunity, according to the course and practice of the court, to answer or reply to the pleading amended," the refusal to permit appellant to file an answer to the amended petition was not material or reversible error.

Appeal from Jackson Circuit Court.—*Hon. C. A. Burney,* Judge.

AFFIRMED.

*J. G. Hutchison, J. D. Brown* and *E. C. Hall* for appellants.

(1)   The plaintiff's petition does not state facts entitling him to a mechanic's lien, in that it does not allege that plaintiff had taken the steps necessary under the statute to entitle him to a mechanic's lien. McWilliams v. Allan, 45 Mo. 574; Kneisley Lumber Co. v. Stoddard, 113 Mo. App. 309.; General Fire Ext. Co. v. Scwartz, 165 Mo. 171.   (2)   The Coen Building Material Company neither stated in its cross-petition, nor established by the evidence introduced in support thereof, facts entitling it to mechanic's liens, or to a personal judgment against the appellant.   (a)   Such cross-petition did not state that it

had taken the proper steps necessary under the statute to entitle it to a mechanic's lien. Boland v. Webster, 126 Mo. App. 591. (b) The evidence it introduced is insufficient to entitle it to a mechanic's lien, in that it fails to show that the materials went into and were used in the construction of the buildings, or any of them. Carthage Limestone Co. v. Church, 156 Mo. App. 671; Simmons v. Carrier, 60 Mo. 585. (c) The judgment and decree does not conform to, and is not responsive to, such cross-petition. Schneider v. Patton, 175 Mo. 684; State v. Modlin, 197 Mo. 376. (d) Such cross-petition contained no allegation whereon to base the personal judgment entered against the appellant. Orchard v. Bank, 121 Mo. App. 338. (3) The judgment and decree is erroneous in that it attempts to make the decree a separate judgment, in favor of each of the respective lien claimants, and to give the right to have a separate execution, in favor of each of such lien claimants, for the separate enforcement of his individual judgment. Sec. 1528, R. S. 1919; Mann v. Doerr, 222 Mo. 1; McMamanus v. Burrows, 246 Mo. 438. (4) Palermo did not state facts, in his intervening petition either entitling him to invoke the jurisdiction of the court below, or showing that he was entitled to a lien on the property involved. (a) The court below had no jurisdiction to entertain such intervening petition, in that the facts therein stated were not responsive to, or calculated to enable him to make any defense to, the plaintiff's petition. Joyce v. Growney, 154 Mo. 253. (b) Such intervening petition does not state facts entitling him to a lien on the property involved, in that it does not state, or show, a contract, either express or implied, for a mortgage thereon. Blackburn v. Tweedie, 60 Mo. 507; Carter v. Holman, 60 Mo. 503; Stark v. Kirkley, 129 Mo. App. 353; 27 Cyc. 976. (c) The evidence introduced by Palermo showed, conclusively, that he had no lien on the property involved. 1st, The original contract between Palermo and the appellant negatived the right to such a lien;

and that he, himself, violated such contract. 2nd, The evidence further showed that any right to such a lien that might have existed was waived by Palermo's conduct, and hindered appellant by tying the property by a law suit. (d) The judgment in favor of Palermo is erroneous in that in the decrèe, what is alleged in his intervening petition to be a right to a separate lien, on each of the four lots, is decreed to be a single lien, on all four of them, and is not, therefore, responsive to, and does not conform to the allegations of his intervening petition. Roden v. Heim, 192 Mo. 71; Schneider v. Patton, 175 Mo. 684; State v. Modlin, 197 Mo. 376; Advance Threshing Co. v. Speck, 167 Mo. App. 470. (5) The judgment in favor of Peoples Trust Company is erroneous, in that it is based upon an amended answer and cross-petition filed by it, at the conclusion of the evidence on the issues between Palermo and appellant, and to which the appellant was refused the right to file an answer, or make any defense whatever. Sec. 1285, R. S. 1919; Bergler v. University City, 190 S. W. 622. (6) The judgment in favor of Peoples Trust Company is erroneous in that no testimony whatever was offered by it, or received, or heard by the court to sustain the allegations of its said amended answer and cross-petition, upon which it is based. (7) The entire judgment and decree herein is erroneous in that it is the result of the active interference and procurement of and adversary conduct of the receivers, against the appellant, and in favor of the lien claimants; and of the fact that such receivers appeared as attorneys for, and represented Palermo and the Peoples Trust Company, while acting as receivers herein, when the law required of them absolute impartiality and neutrality as between all parties hereto. (a) The court will not inquire as to whether actual injury has resulted to appellant therefrom, but will condemn any course of procedure by the receivers which the law declares must not be taken and resulting in conditions in which the whole judgment is even subject to doubt as to its effect. Broussard v.

Mason, 187 Mo. App. 281. (b) The law is opposed to attorneys for a party to the litigation, wherein a receiver is appointed, being the receiver; and it was the duty of these receivers at once to withdraw as attorneys for any of the parties to this litigation, upon being appointed receivers. High on Receivers (4 Ed.) sec. 70, 175; Bank v. Kent, 43 Mich. 292; Finance Co. v. Railroad Co., 45 Fed. 436; Trust Co. v. Land Co., 72 Fed. 575; McCloud v. New Albany, 66 Fed. 378, 13 C. C. A. 525; Halstead v. Forest Hill Co., 109 Fed. 820. (2) Neither the receivers themselves, nor the clients for whom they acted, will be allowed to retain any advantage that has, or that may have resulted or been procured, by reason of the active procurement or interference of the receivers in their behalf. Gilbert v. Hewetson, 79 Minn. 326; Penzel v. Williams, 53 Ark. 81; Cook v. Martin, 75 Ark. 40; Harrigan v. Gilchrist, 121 Wis. 127; Donahue v. Quachenbush, 75 Minn. 43; Hedrick v. Miller, 123 Ind. 304; Tozer v. O'Gorman, 60 Minn. 42; Hackley v. Draper, 60 N. Y. 88; Jewett v. Miller, 10 N. Y. 402; Carr v. Houser, 46 Ga. 477; French v. Harness Co., 184 Pa. St. 181; Shadewald v. White, 74 Minn. 208; Broussard v. Mason, 187 Mo. App. 281.

*James M. Johnson, A. N. Adams, Daniel V. Howell, Donald W. Johnson* and *Davis & Woodruff* for respondents.

(1) Appellant by stipulating that judgment should be rendered sustaining and foreclosing the mechanics' liens waived any right to and is estopped from questioning the validity of the judgment on the ground that the plaintiff had not taken the steps necessary under the statute to entitle him to a mechanic's lien. Stone v. Trust Co., 183 Mo. App. 279; Hinkle v. Kerr, 148 Mo. 43; In re McManus Estate, 199 S. W. 422; Harniska v. Dolph, 133 Fed. 158; Seiler v. Union Mfg. Co., 50 W. Va. 208; Karnes v. Black, 215 S. W. (Ky.) 191; Light Co. v. Minneapolis, 168 N. W. (Minn.) 588; Wyss v. Bockman, 212 S. W. (Tex. Civ. App.) 297; Cobb v. Killingsworth, 187 Pac. (Okla.) 479; Neil v. Hyde, 186 Pac. (Ida.) 710;

Moore v. Butler, 103 S. E. (Ga.) 154; Sidelinker v. Water Co., 105 Atl. (Me.) 122; Wagner v. Ruhl, 106 Atl. (Md.) 2. (2) Appellant has waived any right to question, and is estopped from questioning, the validity of the mechanic's lien judgment of Coen Building Material Company, by the stipulation filed in the cause and by the agreement made in open court by appellant concerning the issues to be tried by the court. Authorities supra; Stone v. Trust Co., 183 Mo. App. 279; Hinkle v. Kerr, 148 Mo. 48; In re McManus Estate, 199 S. W. 422. (a) Coen Building Material Company was entitled to a personal judgment against the appellant under the stipulation filed in the cause. (b) The personal judgment complained of has been paid and satisfied and is harmless to appellant. (c) Appellant cannot question the personal judgment here because he did not bring the alleged error of which he now complains to the attention of the trial court while the judgment was yet in the control of the court, by motion in arrest of judgment. Stid v. Railroad, 211 Mo. 415. (d) If the personal judgment was improperly rendered the same is merely an error of law (the facts having been agreed upon by stipulation), which this court can correct by rendering the judgment the lower court should have given. Sec. 1514, R. S. 1919; Daggs v. Smith, 193 Mo. 502; Patterson v. Patterson, 200 Mo. 341; State ex rel. v. Trust Co,. 209 Mo. 494; Henry Co. v. Salmon, 201 Mo. 172; Eckle v. Ryland, 256 Mo. 438; Cox v. Sloan, 158 Mo. 429; General Elec. Co. v. Interstate Elec. Co., 204 S. W. 933. (3) The court properly entered a separate judgment in favor of each of the respective lien claimants and properly decreed a separate execution in favor of each for the enforcement of said judgments. Secs. 7240, 7241, 7242, R. S. 1919; Hydraulic Press Brick Co. v. Lane, 198 Mo. App. 438; Secs. 1521, 1522, 1603, R. S. 1919; 1 Freeman on Executions, sec. 16. Appellant cannot complain of the judgment rendered because no motion in arrest of judgment was filed. Stid v. Railroad, 211 Mo. 414. (4) Palermo was entitled under the law and the evidence to the judgment rendered. (a) The suf-

ficiency of Palermo's intervening petition to support the
judgment in his favor, and the correctness of said judg-
ment, are not before this court for review; appellant
neither demurred to said petition, nor to the evidence of-
fered by Palermo thereunder, nor did he attack the judg-
ment by motion in arrest of judgment. On the contrary
appellant filed answer to said petition in which he asked
affirmative relief. All questions therefore concerning the
sufficiency of said petition and the correctness of the judg-
ment rendered for Palermo were expressly waived by the
appellant filing his answer and going to trial and failing
to file a motion in arrest of judgment. Stid v. Railroad,
211 Mo. 414. (b) The court had jurisdiction of the inter-
vening petition of Palermo, and the petition stated facts
constituting a cause of action for a lien on the property.
Secs. 7240, 7249, R. S. 1919; Brick Co. v. Lane, 198 Mo.
App. 438; Iron Works v. Mining Co., 198 Mo. App. 562;
Redlon v. Badger Lbr. Co., 194 Mo. App. 658. (5) The
court correctly permitted appellee Peoples Trust Com-
pany to amend its answer to conform to the proof, and
appellant was not prejudiced thereby. Sec. 1274, R. S.
1919; McClanahan v. Smith, 76 Mo. 428; Stone v. McCon-
nell, 187 S. W. 884; Southern Co. v. Bankers Co., 184 S.
W. 1030; Moran v. Grain Co., 226 S. W. 87. (a) The ap-
pellant by the stipulation and by his testimony admitted
the liens of the deeds of trust of the Peoples Trust Com-
pany; the amended answer therefore added no new issue,
but prayed for the relief the stipulation and proven facts
and admissions of appellant entitled it to. (b) It was
incumbent upon the trial court to render such judgment
in favor of the Peoples Trust Company as the stipula-
tion, admissions and facts entitled it to without a specific
prayer for such relief upon the part of the Peoples Trust
Company. The amended answer therefore raised no new
issue, since the amendment made merely conformed to the
proof and required no new pleading in answer thereto,
and the action of the court in refusing such alleged right
to answer is not error. Secs. 7240-7246, R. S. 1919; Dixon
v. Helena Church, 166 Pac. 116. (6) There was no mis-

conduct upon the part of the receivers that affected the judgment and decree herein, or otherwise.  (a)  Appellant has no right to have this court review the conduct of the receivers for the reason that he did not raise that question in his motion for new trial and did not call the lower court's attention to it.  Wolf v. Ward, 104 Mo. 127; State ex rel. v. Trust Co., 209 Mo. 494; Menefee v. Beverforden, 95 Mo. App. 105.  (b)  The receivers were appointed at the request of the appellant and with his consent, and while appellant had full knowledge of the fact that they represented parties having lien claims at the time of their appointment.  Glasner v. Weisberg, 43 Mo. App. 214.  (7)  If error was committed as to the judgment of any claimant it is not proper to remand the entire case for a new trial, but this court in administering the true law can either modify the judgment rendered or remand the cause to the trial court with directions to enter up such judgment as should have been given in the first instance.  Sec. 1514, R. S. 1919; Eckle v. Ryland, 256 Mo. 438; Cox v. Sloan, 158 Mo. 429; Patterson v. Patterson, 200 Mo. 341; Stark v. Cooper, 217 S. W. 104; Vodicka v. State, 223 S. W. 578; Costello v. Kansas City, 232 S. W. 165; Stotler v. Railroad Co., 200 Mo. 149.

SMALL, C.—This is a suit in equity to foreclose a mechanic's lien on four lots of land and buildings thereon in Kansas City.

The petition of plaintiff was filed October 12, 1918. It alleged that defendant Yewell G. Smallwood was the owner of the property and had purchased lumber and building material from plaintiff of the value of $2913.58, which was used in the construction of the buildings, and not paid for, and for which plaintiff had filed his mechanic's lien.  It was further alleged that the defendant Peoples Trust Company held deeds of trust upon the property, and defendant Palermo claimed some interest in the property.  That numerous other parties, naming them, also claimed mechanic's liens on said property. The prayer is for the foreclosure of plaintiff's mechanic's

lien, and that the real estate and buildings be sold and the proceeds distributed according to the rights of all the parties interested, as determined by the decree of the court.

October 22, 1918, defendant Smallwood appeared in person and by his attorney, Henry L. Jost, and by consent of all parties J. M. Johnson and D. V. Howell were appointed receivers, who took charge of and completed and rented the buildings, under the orders of the court, and issued certain receivers' certificates in order to complete such buildings.

Defendant Palermo filed an intervening petition, claiming a lien on said property amounting to $6000 and interest, as due for purchase money thereof from defendant Smallwood, and for foreclosure of his vendor's lien, subject to the lien of the Peoples Trust Company. To this intervening petition defendant Smallwood filed answer by his attorney, W. E. Orndorff, to which said Palermo filed reply.

Defendant Coen Building Material Company also filed an intervening petition to enforce its mechanic's lien against said property for materials supplied to contractors used in the construction of said buildings. To this petition defendant Smallwood filed a joint answer (a general denial) with the receivers, by their attorneys, J. M. Johnson, D. V. Howell and J. D. Hill.

Defendant Peoples Trust Company also filed an intervening petition to foreclose its deeds of trust, to which it does not appear any answer was filed.

At the close of all the testimony said defendant trust company filed an amended intervening petition "to conform to the proof," to which defendant Smallwood asked to file an answer, but was refused by the court.

At the trial of the case, December 29, 1919, the following stipulation was read in evidence:

"STIPULATION.

"It is hereby stipulated and agreed between the parties to the above entitled cause that judgments shall be

entered in favor of the mechanic's-lien defendants and interveners whose names are signed hereto in the amounts set opposite their respective names, and that such judgments shall bear interest at the rate of six per cent per annum.

"It is further stipulated that judgments shall be recorded sustaining and foreclosing the mechanic's liens filed by said respective parties, such judgments to be in the usual form and to contain the usual provisions, and to be rendered either upon the signing of this agreement by all the mechanic's-lien claimants or upon an adjudication by the court of liens of those claimants who do not sign.

"It is further stipulated and agreed that the various mechanic's-lien claimants whose names are signed hereto will accept in full payment of their respective judgments the respective amounts set forth in the column headed 'satisfaction' provided such payment be made within thirty days from the date hereof. Said respective lien-claimants further agree to waive all costs heretofore paid or advanced by them upon the satisfaction of their judgments, as above specified. Said liens are to be adjudged inferior to the receivers' certificates, and superior to the liens of the deed of trust of defendant Peoples Trust Company.

"This stipulation is to become effective when signed by all mechanic's-lien claimants who sign the same and the defendants, Frank Palermo, Yewell G. Smallwood and Peoples Trust Company.

| "Mechanic's Lien. Claimants | Amount Judgment | Satisfaction |
|---|---|---|
| LYLE ROCK CO. By Geo. B. Smith | $189.00 | $160.00 |
| JOHN PANNETTERE By Geo. B. Smith | 263.25 | 233.75 |
| GEO. B. POTVIN WALL PAPER CO., By W. W. Green, Atty. | 53.13 | 45.20 |
| FORRESTER BROS. STOVE CO., By Wilkinson & Wilkinson, Attys. | 108.00 | 91.00 |
| ROSSNER LIGHTING COMPANY. By Clyde Wilcox, his Atty., | 52.00 | 44.20 |

Early v. Smallwood.

| | | |
|---|---|---|
| H. N. Duck, | | |
| By Strother & Campbell | 252.60 | 214.71 |
| Security Stove Mfg. Co., | | |
| By Hutton, Davis, Nourse & Bell | 462.70 | 393.30 |
| T. R. Early, | | |
| By Mertsheimer & O'Donnell, | 2913.52 | 2476.49 |
| Fred Schmeltz, Hwd. Co., | | |
| By Jay L. Oldham & L. D. Tolle, | 566.44 | 368.25 |
| W. L. Van Bibber, | | |
| By Joseph Johnson, | 216.00 | 183.60 |
| Letton Paint & Varnish Co., | | |
| By Joseph Johnson, its atty., | 149.79 | 112.34 |
| W. F. Coen and A. S. Coen, co-partners as Coen Building Material Co., | | |
| By Davis & Woodruff, attys. | 846.71 | 719.90 |
| U. S. Engineering Company, | | |
| By Guthrie, Conrad & Durham, | 425.00 | 361.25 |
| Charles W. Bartlett and C. S. Todd, partners as Kaw River Sand Co., | | |
| By Bellemere & Langsdale, | 78.50 | 66.73 |
| Charles W. Bartlett & C. S. Todd, partners as Kaw River Sand Co. | | |
| By Bellemere & Langsdale, attys. | 80.75 | 68.64 |
| James P. Marcy, | | |
| By John M. Linger, his atty. | 50.00 | 42.50 |
| Badger Lumber Co., | | |
| By H. L. Hassler | 193.75 | 143.31 |
| Frank Palermo | | |
| By J. M. Johnson, his attorney. | | |
| Wm. J. Coleman, | | |
| By J. M. Johnson, his attorney. | | |
| Peoples Trust Company, | | |
| By Daniel V. Howell, its Attorney of Record. | | |
| Wilson D. Wood, | | |
| By Daniel V. Howell, its Attorney of Record. | | |

"The foregoing liens will not be contested in this court by defendant Yewell G. Smallwood, except the Coen Building Material Company's account.

"W. Edgar Orndorff,

"Atty. for Yewell G. Smallwood and

W. H. Smallwood."

There was also evidence introduced tending to support the cross-bills or intervening petitions of defendants Peoples Trust Company, Frank Palermo and Coen Building Material Company.

There was judgment for the plaintiff and for all mechanic's-lien claimants for the sum stated in said stipulation; also foreclosing the deeds of trust and liens of defendants Peoples Trust Company, and Frank Palermo, as prayed in their intervening petitions, also in their favor for certain receivers' certificates held by them. Also judgment foreclosing mechanic's lien in favor of the Coen Company, as claimed by it. Other pertinent facts will be noticed in the course of the opinion. After unsuccessfully filing motion for a new trial, defendant Smallwood appealed to this court.

I.    The only questions raised by appellant relate to the judgments in favor of the plaintiff and defendants Coen Building Material Company, Frank Palermo and Peoples Trust Company, which we will consider in the order named.

II.    *As to plaintiff's claim*: It is contended, that the petition of plaintiff, Early, does not state facts sufficient to constitute a cause of action, because it does not state that the plaintiff filed with the clerk of the circuit court within six months after the "indebtedness" claimed accrued a just and true account of the demand due him after all' just credits were given.    It is said that the petition simply states that such account was filed "within six months from the date said *account* accrued," and not within six months from the date the "indebtedness" accrued, as required by the statute.    We think this criticism is unsound.    The allegations of the petition are that the "last delivery" of lumber and material was on the 21st day of May, 1918, when "the amount claimed accrued and become due," and that on October 10, 1918, and within six months from the date said "account" accrued a just and true account of "the indebtedness" etc., was filed with the clerk of the circuit court.    We hold, the petition not subject to the objection made thereto.

Pleading: Indebtedness.

III.    It is also urged that the stipulation signed by the parties does not provide that the plaintiff Early's

Stipulation.      claim for a mechanic's lien shall be sustained, but only that the lien of defendants or interveners claiming mechanics liens may be sustained. This contention is erroneous. It is true, the first paragraph of the stipulation simply states that judgments, for mechanic's liens of defendants and interveners shall be entered for the amount set opposite their names. But the two subsequent paragraphs are not limited to the liens claimed by defendants and interveners, but refer to the mechanic's liens filed by ''said respective parties'' and ''the various mechanic's-lien claimants'' whose names are signed to the stipulation, and the plaintiff's name, T R. Early, is signed to the stipulation, and the amount of the judgment set opposite his name is \$2913.52, and the amount he will take in satisfaction, if the judgment is paid in thirty days, is \$2476.49. After the names of plaintiff and other lien claimants are signed to the stipula tion, there is the following recital: ''The foregoing liens will not be contested in this court by defendant, Yewell G. Smallwood, except the Coen Building Material Company's account. W. Edgar Orndorff, Atty. for Yewell G. Smallwood and W. H. Smallwood.''

We must, therefore, deny appellant's contention that the stipulation did not provide for judgment in favor of plaintiff on his mechanic's lien, or at least, we must hold, that appellant is estopped by the stipulation from contesting the same, which in substance is a waiver of all error in the establishment thereof. We rule this point against appellant.

IV. *As to the claim of the Coen Building Material Company*: It is claimed, the cross-bill of the Coen Building Material Company is fatally defective, because it did not state the name of the owner or contractor. Said intervening petition alleges that said Smallwood was the owner of said lots and that said materials were sold and furnished to defendant, Stanley Hill, or defendant, Albert V. Hubbs, or defendant, J. H. Hubbs, or to some one or more of said defend-

ants, and that the purchaser of said materials was the contractor with defendant Yewell G. Smallwood for the erection of said buildings. We think this sufficiently names the owner of the property and the contractor for the erection of the buildings.

V. It is also claimed that the evidence fails to show that the materials for which defendant Coen Building Material Company claims and filed a lien, went into the building. The materials furnished by the Coen Company were for the foundation and plaster and stucco work. It is true, that Mr. Coen simply testified that, while the material was sold to the parties or contractors putting up these buildings, for the purpose of their erection, he could not say that all of it actually went into their construction; that he saw his material being used therein, and that the size of the buildings would require the amount of materials he furnished for the plaster and stucco work; that he was never notified, until the morning of the trial, that there was any question that any part of his materials sued.for were not used in the construction of the buildings. But Henry A. Thoma, a witness on behalf of defendant Smallwood, testified: That he was a partner of W. H. Smallwood; that he was employed on the work of building these houses; that he checked up the materials delivered with the bills of the Coen Company therefor, and that he found no discrepancy; that the only material of the Coen Company that was not used in the buildings, that he knew of, was one bucket of mixed plaster, removed by John Hubbs one Sunday afternoon, and except some that was suspected of being stolen, but as to that he could not testify, as he had no knowledge. Sawyer Buchanan furnished similar material, but it may have been used for sidewalks.

Alexander Johnson testified for defendant Smallwood: That he saw Hubbs put some sacks of plaster material in a small truck. The material was in a shed on the property. Did not know how many sacks there were. The witness had charge of building the foundation and

*Material Used in Building.*

all of the material came from Coen that went into the foundations of the buildings. That Hubbs broke the lock to the material shed to get the plaster he removed.

H. II. McQuade testified for defendant Coen Company: That he worked on the houses from the time they were commenced until the plastering was nearly finished. That he ordered all of the materials for the plastering from the Coen Company, and it was all used on the work. When he quit work there was enough material left, about eight sacks of grit and four of white portland, to finish the job. No other company delivered any plastering material for the job while he was there. He never knew of any materials being taken away from the job by Mr. Hubbs, or the lock to the material shed being broken. The above is the substance of the testimony.

The lower court saw and heard the witnesses, and from their testimony and the circumstances, found that all the materials claimed by the Coen Company were supplied by said company and actually went into the construction of the buildings. The testimony of the witnesses satisfies us that all of the materials which the Coen Company claims to have furnished were delivered on the premises, and all was used in the buildings, except an insignificant amount—a bucket of plaster, testified to by Thoma, and perhaps a sack or two, testified to by Johnson, as having been taken away by Hubbs. But of this we are not satisfied, because neither Thoma nor McQuade knew anything of such an occurrence, and they were on the job from the beginning. In any event, Johnson refused to state how many sacks were removed, although repeatedly requested to do so. It may not have been more than one sack of plaster and a sack of sand. The lower court heard his testimony and refused to make any deduction on the Coen Company's bill on account of it. This being an equity case, it is our rule to follow the finding of the chancellor below unless we believe it to be against the weight of the evidence, which we do not in this case.

VI. Appellant also complains that a personal judgment was rendered against the appellant Smallwood for the Coen Company's claim, as well as enforcing its mechanic's lien against the property. But this is not reversible error, because the judgment in favor of the Coen Company was paid in full from the proceeds of the sale of the property under the judgment rendered, and said personal judgment, as well as its lien, fully satisfied thereby.

**Judgment.**

VII. It is also complained that a separate judgment and award of execution was rendered for the amount found due each party. We see no error in this, because the judgment provides that the proceeds of the sale under any execution in favor of any of the parties shall be distributed and paid out on all the judgments as directed in the decree. Furthermore, the record shows that the property was sold out under one execution only, to-wit, that in favor of the intervener Frank Palermo, and that the mechanic's liens holders and holders of the receivers' certificates were all paid off out of the proceeds of the sale and the residue, $2355.74, was credited on the judgment of the Peoples Trust Company upon its mortgage lien.

**Several Judgments.**

VIII. *As to the claim of defendant Palermo:* It is said that defendant Palermo could not intervene and set up his deed or vendor's lien against his co-defendant Smallwood, because such relief was not responsive nor in any way a defense to the petition of the plaintiff, T. R. Early. This is no doubt the general rule, as announced in the case of Joyce v. Growney, 154 Mo. 253. But the case before us is an equitable mechanic's lien suit brought under the statute, Section 7240, Revised Statutes 1919, which provides as follows:

**Vendor's Lien.**

"*Liens May Be Adjudicated, How.*—Any and all liens in this article provided for may be adjudicated and determined and the rights of all parties interested in the same and in the property and any of the property against

which the same is claimed may be adjudicated, determined and enforced in one action which may be brought by any such lien claimant after the statement for such lien is filed in the office of the clerk of court, as herein provided, or such action may be brought by any owner or lessee of the property or any of it to be affected, or mortgagee or holder of any other encumbrance thereon. Such action shall be an equitable action for the purpose of determining the various rights, interests and liens of the various mechanic's lien claimants and claimants of other liens and owner of any interest in or leasehold upon said property and for enforcing the rights of any and all such persons in, to or against the property, being the lands and buildings and either of the same and for sale of such property, land and buildings or either of the same and for marshaling and distribution of the proceeds thereof among the parties according to their respective legal and equitable rights therein. Such action shall be an equitable action for the purpose of determining, establishing and enforcing the various and respective rights of the parties thereto and for the purpose of marshaling, applying and distributing the proceeds of the sale of such property that may be ordered and decreed in said action. [Laws·1911, p. 314.]''

Under this statute it was proper for defendant Palermo to set up and foreclose his lien by an intervening petition in the case. [Brick Co. v. Lane, 198 Mo. App. 438; Redlon v. Badger Lumber Co., 194 Mo. App. 658; Iron Works v. Mining and Development Co., 198 Mo. App. 562.] In Hurst Automatic Switch & Signal Co. v. Trust Co., 291 Mo. 54, 236 S. W. l. c. 62, this court says: ''A court of equity once in possession of the *res* and having jurisdiction of the parties will not relinquish its hold until it has done complete and adequate justice to all the parties. It has a long arm for so doing.''

We rule this contention against appellant.

IX. But it is contended that Palermo's intervening petition and the evidence do not show that he had any

Vendor's Lien:
Cause of
Action.

lien for the purchase price of said lots. It is alleged, in said petition, in substance, that on October 2, 1917, defendant Frank Palermo, being the owner of the four lots in question, entered into a contract in writing with defendant Smallwood, to convey said property and other lots to him and he agreed to execute to said Palermo his notes for $1500 secured by deed of trust thereon, and that $1000 of each note was to be paid within four months after conveyance was made, and $500 as soon as the lot was sold by said Smallwood. That said Smallwood agreed in said contract to negotiate building loans for not less than $3000 and not more than $3500 on each lot, $1000 of which was to be paid to said Palermo on each of his $1500 notes, when he was to release his $1500 deed of trust, so that the building loan would be a first lien, and then take a second deed of trust for $500, and the balance of the building loan was to be used in the erection of buildings on said lots by said Smallwood, which were to be completed and ready for sale January 20, 1918. That said contract further provided that said Smallwood should keep all buildings free from all liens and pay all labor and material bills before the completion of each building. That pursuant to said contract said lots were conveyed to said Smallwood, and he delivered to Palermo his deed of trust and $1500 note on each lot as thereby required. It was further alleged that on or about December 5, 1917, defendant Smallwood obtained a loan from defendant Peoples Trust Company for $3000 on each of said lots, for which he executed and delivered his notes and deeds of trust on said lots to said trust company, which were recorded December 7th. That on said December 7th, pursuant to said contract, said Palermo released and satisfied his deeds of trust securing his said $1500 notes in order that said notes of the Peoples Trust Company might have priority of lien. But that no part of said loans received from said trust company was ever paid to said intervener on his said $1500 notes. But the whole of said building loans was used in the construction of the buildings on said property by defendant

Smallwood. That by reason thereof, said intervener is entitled in equity to a lien for $1500 and interest on each of said lots, which lien he prayed to have foreclosed, and for judgment against defendant Smallwood for $6000, the amount of the purchase price of said four lots, and for interest thereon and for general relief. The answer of defendant Smallwood to said intervening petition admitted the execution of the contract pleaded substantially as therein set forth, and the making of the four $1500 notes and deeds of trust to the interverner, and the procurement from the Peoples Trust Company of a loan of $3000 on each of said lots, but alleged that defendant Palermo refused to convey other lots, as required by said contract to said Smallwood, and had brought suit to cancel said contract, by reason of which the development of said property, as contemplated by said contract, was prevented, and said defendant Smallwood suffered irreparable damages. The prayer of said answer was that said intervening petition be dismissed, that appellant be allowed damages, and that intervener Palermo be required to perform said contract for the remaining lots mentioned therein. The said contract was introduced in evidence, and the terms and conditions thereof were as set forth in the intervening petition. The evidence further showed that all the other matters and things alleged in said intervening petition were true and that mechanic's liens were allowed to accumulate on said property, contrary to the terms of said contract. That the whole scheme and plan of the contract failed, because defendant Smallwood could not obtain sufficient money to complete the buildings, and the intervener Palermo, having released his original deeds of trust to secure his purchase money notes, was refused and failed to obtain payment of $1000, or any sum, on his said notes, out of the building loans obtained from the Peoples Trust Company, as provided by said contract, and had nothing remaining except his unsecured purchase money notes.

We hold, therefore, that the intervening petition of said Palermo, and the evidence, including the answer of

appellant Smallwood, showed that he was entitled both
to a personal judgment for the purchase price of said lots
against said Smallwood and for foreclosure of a vendor's
lien thereon, subject to the deeds of trust of the Peoples
Trust Company and the mechanic's liens established
thereon by the decree of the court.

X.   But, it is said that the judgment on the Palermo
notes was for a lump sum and for foreclosure of a lien on
all of said lots therefor, whereas the lien claimed by him
was for $1500 and interest on each lot.
However this may be, we find no material
error in that regard: First, because said
Palermo was entitled to and secured a personal judgment
for the whole sum due him against appellant.  This, of it-
self, was a lien on all of the lots for the full amount of the
judgment. Second, the decree also awarded said Palermo
judgment and execution for $2783.31, as the holder of a
receivers' certificate, which was declared by the court to
be a first lien on all of said property, prior to any other
lien.   The sale was made under both the judgment on the
notes and the receivers' certificate, but the proceeds of
the sale were not sufficient to entitle Palermo to anything
on the judgment on his notes.  So that, the sale can stand
as made under the judgment on Palermo's receivers' cer-
tificate, which was properly against all of the lots, or up-
on his personal judgment against Smallwood, which was
also a lien on all said lots.

We can find no reversible error affecting the merits
of the case in the form of the judgment in favor of Paler-
mo.

XI.   *As to the claim of the Peoples Trust Company*:
It is objected that the evidence was not sufficient to sup-
port the judgment in favor of the Peoples Trust
Company.   Appellant concedes that said trust
company had deeds of trust upon said lots for
the amount claimed by it, and does not deny that it was
entitled to have both the amount and priority thereof de-
termined in this case, but contends that the evidence does
not show that the deeds of trust were in default, and that

302 Mo. Sup.—8.

said company was entitled to have them foreclosed. In this, we think, appellant is in error. The evidence abundantly shows that the loans were made to said Smallwood by said trust company, and he gave said company his notes and deeds of trust to secure said notes, amounting in all to $12,000, as contended by it. It is true, the original notes were not introduced in evidence, but the original deeds of trust were, and they described the notes and showed that some of them were past due. Copies of the notes were also introduced in evidence, which showed the same thing. There was a provision in the deeds of trust to the effect that, if said notes, or any of them, or the interest thereon, or any liens should become due on the property and remain unpaid, all of the notes should become due, and the property could be sold by the trustee to pay the whole indebtedness. It was thus shown, that there was a default in the performance of the covenants of the deeds of trust, which made them subject to foreclosure, and all the notes due, and that there was no error in the action of the court in rendering judgment for said trust company · upon its notes against the defendant Smallwood, and foreclosing its deeds of trust on said lots.

XII. It is also contended that the decree below should be reversed, because the court refused to allow appellant to answer the amended petition filed by the intervener Peoples Trust Company, at the close of the testimony; that such action was in direct violation of Section 1285, Revised Statutes 1919, which is as follows: "If any amendment be made to any pleading, the adverse party shall be allowed an opportunity, according to the course and practice of the court, to answer or reply to the pleading amended."

Amended Petition: Refusal to Permit Answer.

In the case before us, the original petition does not appear in the record, nor is it shown that the amended petition contained any material allegations not found in the original petition, or that appellant had filed any answer to the original petition. Besides, the evidence shows, that the Peoples Trust Company was entitled to

the judgment rendered in its favor, and the evidence being closed, no answer which appellant could have filed would have been of any avail. The error complained of is not material or reversible error.

We rule this contention against appellant.

XIII. It is also objected that the decree should be reversed because the receivers were attorneys for two of the parties to the suit, and part of the time, attorneys for appellant. It is true, that the receivers joined with and filed answer for appellant to plaintiff's petition. But they did not act as his attorneys thereafter. Their action in filing answer for him appears to have been a simple gratuity to keep him from being in default. The record shows he afterwards had other attorneys who represented him at the final hearing and trial of the case. The fact that the receivers were also attorneys for other parties does not in any manner appear to have affected the merits of the case adversely to the appellant. The sale of the property was made by the sheriff and not by the receivers.

Furthermore, the plaintiff, by his attorney, Henry L. Jost, and in person, according to the record, was present and consented to the appointment of the receivers, and appellant never thereafter, by motion or in any pleading, objected in any manner in the court below to such receivers or their actions, although they made full reports of their doings from time to time. So that the maxim, "*Volenti fit non injuria,*" is applicable and would bar appellant from now complaining of the qualification or disqualification or any action of the receivers herein as a ground for reversing the decree of the court below.

Finding no reversible error in the record, the judgment appealed from must be affirmed. It is so ordered. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.