R. E. HAMMONDS, H. H. Hammonds, R. L. Hammonds, E. W. Hammonds, Virgil Hammonds, Bertha Hammonds Sherwood and Blanche Hammonds Satterfield, Plaintiffs-Appellants,

v.

Lula HAMMONDS, Albert C. Shumway, Florence Shumway, Albert C. Shumway, Jr., and Margie Shumway, Defendants-Respondents.

No. 7366.

Springfield Court of Appeals.

Missouri.

May 3, 1956.

See also 263 S.W.2d 348.

J. Grant Frye, Wm. H. Frye, Cape Girardeau, for plaintiffs-appellants.

William B. Sharp, Malden, Robert A. Dempster, Sikeston, for defendants-respondents.

STONE, Judge.

In Count I of their petition, plaintiffs, the seven surviving children and heirs-at-law of Josiah M. Hammonds, who died on May 29, 1949, sought to set aside his last will and testament on the grounds that the testator was mentally incompetent when the will was made on May 20, 1949, and that it was executed by reason of undue influence exercised by defendant, Lula Hammonds, testator's fourth wife and plaintiffs' stepmother. In Count II of their petition, plaintiffs alleged that *Josiah* had owned two lots in Malden, Missouri; that, during 1944, he and his wife had conveyed one of those lots to defendants, A. C. Shumway and Florence Shumway (Lula's daughter by a previous marriage and her husband), who had reconveyed the same lot to *Josiah and Lula, as tenants by the entirety;* that, during 1946, the other lot owned by Josiah had been conveyed to defendants, A. C. Shumway, Jr., and Margie Shumway (Lula's grandson and his wife), who similarly had reconveyed this lot to *Josiah and Lula, as tenants by the entirety;* that Josiah's signature on the deeds to defendants Shumway had been procured by Lula's "undue influence and coercion"; that "there was no consideration for said deeds but * the entire transaction was a sham and a fraud designed by * * Lula * and acquiesced to by defendants * Shumway"; and that, on July 9, 1949, shortly after Josiah's death, Lula conveyed one of the lots to defendants, A. C. Shumway and Florence Shumway, who acquired it without consideration and with "knowledge of the circumstances by which * Lula * procured said lot." Plaintiffs prayed "that the court set aside and cancel each and all of the aforesaid deeds." By their answers, defendants joined issue on both counts.

The judgment of the circuit court shows that the case came on for trial on June 29, 1954, "the parties having heretofore agreed that Count I of the petition is for the consideration of and trial by a jury and, in the event the verdict of the jury on Count I, (is) adverse to plaintiffs then the issue in Count II would also be so decided by the court"; that, by direction of the court upon defendants' motion at the close of the case, the jury returned a verdict that "the instrument in question * * is the last will and testament of Josiah M. Hammonds, deceased," which was "made the judgment of the court on Count I of the petition"; and that, "pursuant to agreement of the parties the court doth further find the issues in Count II of the petition in favor of the defendants, and doth order that judgment on Count II of the petition, be entered herein against the plaintiffs and in favor of the defendants, and that the same be the judgment of the court." Following an unsuccessful motion for new trial, plaintiffs filed a notice of appeal to this court.

Since the Supreme Court of Missouri is given "exclusive appellate jurisdiction in all cases involving * * * * the title to real estate" [Art. V, Sec. 3, Const. of Mo., 2 V.A.M.S.], the foregoing obviously suggests a question as to our appellate jurisdiction, which it becomes our duty to determine, sua sponte, although not raised by the parties.[1] The underlying principle running through all of the cases is that "for an action to involve title to real estate in the constitutional sense, the judgment sought or rendered must directly affect or operate upon the title." Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 952, 2 S.W.2d 771, 774(5). However, the validity of the comprehensive observation that "(e)arlier as well as later decisions of this court hold that suits to cancel deeds directly affect the title to real estate" [Rice v. Griffith, 349 Mo. 373, 377, 161 S.W.2d 220, 221–222(1)] is established convincingly by an examination of the authorities;[2] and, as

---

1. Pursley v. Pursley, Mo., 213 S.W.2d 291, 292(1); Ashauer v. Peer, 346 Mo. 218, 139 S.W.2d 991(1); Rust Sash & Door Co. v. Gate City Bldg. Corp., 342 Mo. 206, 114 S.W.2d 1023, 1025(2); Ballenger v. Windes, 338 Mo. 1039, 93 S.W.2d 882(1);

Baker v. Baker, Mo.App., 274 S.W.2d 322, 325(5), and cases there cited.

2. Cleary v. Cleary, Mo., 273 S.W.2d 340, 345(4); Herriman v. Creason, 352 Mo. 1176, 1180, 181 S.W.2d 502, 504. Consult

demonstrated by the numerous cases in which appeals by *unsuccessful complainants* have been determined on their merits by the Supreme Court,[3] it is just as clear that plaintiffs' failure in the instant suit to obtain the desired relief in the trial court did not divest the Supreme Court of appellate jurisdiction, where the judgment *sought* would have taken title from defendants and invested it in plaintiffs and the judgment *rendered* actually adjudicated a title controversy. State ex rel. Brown v. Hughes, 345 Mo. 958, 961, 137 S.W.2d 544, 545(3); Ray v. Nethery, Mo., 255 S.W.2d 817, 819(2).

■ Whether the agreement of the parties in the action at bar, pursuant to which the court entered judgment for defendants on Count II of plaintiffs' petition, was such as should be enforced under the principle, recognized in this jurisdiction,[4] that parties to a suit or their attorneys may enter into a valid agreement that a judgment or decree in that suit shall be the same as, or shall be determined by, the judgment in another which is of the same character and involves the same issues or interests, and whether such agreement of the parties in the instant case (coupled with the absence of any objection to the joinder of Counts I and II in plaintiffs' petition) so distinguishes it that the recent opinion of our Supreme Court in State ex rel. Siegel v. Strother, Mo., 289 S.W.2d 73 [5] is not here applicable and controlling upon the facts, are questions which we should not and do not determine. For if, as here, the judgment rendered adjudicates a title controversy and determines title, the Supreme Court is invested with appellate jurisdiction even though that tribunal (the only one authorized so to find) may conclude that such judgment was unauthorized or void.[6]

■ Of course, abandoned pleadings and issues are to be disregarded in determining jurisdiction on appeal [Winslow v. Sauerwein, Mo., 282 S.W.2d 14; Heuer v.

also Stoops v. Stoops, 363 Mo. 1075, 1080, 256 S.W.2d 799, 802; Carwood Realty Co. v. Gangol, Mo., 232 S.W.2d 399, 400 (1); Goodman v. Crader, Mo., 227 S.W. 2d 457(1); Belleville Casket Co. v. Brueggeman, 353 Mo. 357, 361, 182 S.W. 2d 555, 556(1); Brennecke v. Riemann, Mo., 102 S.W.2d 874, 875(1), 109 A.L.R. 1214; Jones v. Peterson, 335 Mo. 242, 254, 72 S.W.2d 76, 82–83(1); Phillips v. Phoenix Trust Co., 332 Mo. 327, 58 S.W. 2d 318(1); Castleman v. Castleman, 184 Mo. 432, 83 S.W. 757, 758(1); Starr v. Mitchell, Mo.App., 231 S.W.2d 299, 301 (2); Id., 361 Mo. 908, 237 S.W.2d 123; Cordia v. Matthes, Mo.App., 122 S.W.2d 32; Id., 344 Mo. 1059, 130 S.W.2d 597; Tallent v. Fitzpatrick, Mo.App., 132 S.W. 17; Id., 253 Mo. 10, 161 S.W. 689.

3. Cleary v. Cleary, supra; Stoops v. Stoops, supra; Carwood Realty Co. v. Gangol, supra; Belleville Casket Co. v. Brueggeman, supra; Herriman v. Creason, supra; Brennecke v. Riemann, supra; Cordia v. Matthes, supra.

4. Huegel v. Huegel, 329 Mo. 571, 575, 46 S.W.2d 157, 158(2); Hanchett Bond Co. v. Glore, 208 Mo.App. 169, 232 S.W. 159, 160(4); Olean Milling Co. v. Tyler, 208 Mo.App. 430, 235 S.W. 186; State to Use of Early v. Lefaivre, 53 Mo. 470, 471; City of St. Joseph ex rel.

Gibson v. Hax, 55 Mo.App. 293; Galbreath v. Rogers, 30 Mo.App. 401; Schaeffer v. Siegel, 9 Mo.App. 594, memo. Consult also Hansen v. Ryan, Mo., 186 S. W.2d 595, 600(6); Early v. Smallwood, 302 Mo. 92, 256 S.W. 1053, 1055–1056 (2); North Missouri R. Co. v. Stephens, 36 Mo. 150; Panich v. Curtis, Owen, Fuller Corp., Mo.App., 124 S.W.2d 619, 621, 622(6); Dowling v. Wheeler, 117 Mo.App. 169, 93 S.W. 924, 927(2); 50 Am.Jur., Stipulations, Sec. 18, p. 618; annotation 92 A.L.R. 675.

5. Holding that Section 509.060, RSMo 1949, V.A.M.S., is inapplicable in will contests and that other alleged causes of action may not be joined in other counts.

6. Hunter v. Hunter, 355 Mo. 599, 600, 197 S.W.2d 299, 300; Rice v. Griffith, 349 Mo. 373, 377, 161 S.W.2d 220, 221(1); State ex rel. Brown v. Hughes, 345 Mo. 958, 962, 137 S.W.2d 544, 545(6); Watts v. Watts, 304 Mo. 361, 365, 263 S.W. 421, 422(4). See also Albi v. Reed, Mo., 281 S.W.2d 882, 884–885; Utt v. Oster, Mo.App., 235 S.W.2d 577, 579; Id., 362 Mo. 866, 245 S.W.2d 22; Starr v. Mitchell, supra, 231 S.W.2d loc. cit. 301; Brewster v. Terry, Mo.App., 172 S.W.2d 5, 8(6); Id., 352 Mo. 967, 180 S.W.2d 600.

Ulmer, Mo., 273 S.W.2d 169]; but, particularly in view of the agreement of the parties in the instant case and the apparent assumption of all interested counsel that the judgment on Count II should abide the final disposition of Count I, we are of the opinion that it may not be said reasonably and fairly that Count II has been abandoned by plaintiffs and is no longer in dispute. Certainly, on the record presented, a contrary holding leaving plaintiffs, as to Count II, foreclosed by and impaled on an adverse judgment, *which would be utterly unsupported should the judgment on Count I be set aside and the cause remanded for retrial on that count,* would constitute a strange, anomalous and (to us) intolerable denial of simple justice. Having concluded that our Supreme Court is invested with appellate jurisdiction with respect to the judgment adjudicating the issues joined on Count II, that court has jurisdiction to determine all issues on appeal [Howell v. Reynolds, Mo., 249 S.W.2d 381, 384(8); Nettleton Bank v. McGauhey's Estate, supra, 2 S.W.2d loc. cit. 773(3); Missouri City Coal Co. v. Walker, Mo.App., 183 S.W.2d 350; Id., Mo., 188 S.W.2d 39], and the Clerk of this court is directed to transfer this cause forthwith [Section 477.080, RSMo 1949, V.A.M.S.], together with a copy of this order, to the Clerk of the Supreme Court.

McDOWELL, P. J., and RUARK, J., concur.