A. D. CHRISTY *et al.*, Respondents, v. THE CHICAGO, BURLINGTON & KANSAS CITY RAILWAY COM-
PANY, Appellant.

### Kansas City Court of Appeals, March 22, 1897.

1. **Construction:** STIPULATION TO DISMISS SUIT: ATTORNEY'S FEE. A stipulation dismissing a suit set out in the opinion means that the plaintiff in the dismissed suit was not only to be relieved of all costs in the case but also of all attorney's fees which were to be assumed by the defendant.

2. **Administration:** ASSIGNMENT OF CLAIM: ACTION FOR BENEFIT OF ANOTHER. A claim which is essentially for the benefit of another may be assigned by the administrator to such other person, since the only interest of the estate is to see it paid to such person.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Palmer Trimble, Hugh D. Marshall,* and *J. H. Carroll* for appellant.

(1) The administratrix had no authority to assign the stipulation. It was not a note or bond, within the meaning of the latter part of section 209 of article 9, chapter 1, Revised Statutes, 1889. *Stagg v. Linnenfelser,* 59 Mo. 336; *Weil v. Jones,* 70 Mo. 560; *Richardson v. Dreyfus,* 64 Mo. App. 600–604. (2) The assignment or sale of the contract was without any authority from the probate court, section 234 of article 10 of said chapter, and the compromise was made without approval of the probate court. Sec. 235 of said art. 10. The contract assigned belonged to the estate of Richard Jones, and there is no proof that Mrs. Jones was administratrix of that estate. (3) We make the further contention that under the plain reading of the agreement plaintiffs have no cause of action, for the reason that the contract at most only indemnified plaintiff "against any further expense." Defendant did not indemnify the administratrix against expenses already incurred.

*A. D. Christy* and *A. W. Mullins* for respondents.

(1) There was no question raised on the trial with respect to the competency of any evidence offered, and in the motion for a new trial there is no complaint that improper or illegal evidence was admitted. Therefore the assignment of error in that regard can not be con-

sidered. (2) The contention by appellant that the administratrix could not make the assignment of her right of action against the defendant to the plaintiffs, even if timely objection to the evidence had been made, is without merit. The rule of law is now well established that "all causes of action arising on contracts are assignable." *State v. Heckart*, 49 Mo. App. 280.

ELLISON, J.—Plaintiffs were the attorneys for one Richard Jones in a suit which he instituted against defendant for killing one of his horses and were to receive a fee of $125. During the pendency of the protracted litigation Jones died and his widow was appointed administratrix of his estate and substituted as party plaintiff in that cause. Defendant then entered into a written agreement of settlement of the controversy between them as follows:

"Jones, Administratrix of Richard Jones, deceased,

v.

The Chicago, Burlington & Kansas City Railway Company.

"It is hereby agreed between the parties hereto, that this be and is hereby dismissed at the costs of the defendant and the further consideration of sixty-five ($65) dollars to be paid plaintiff by defendant, and indemnity against any further expense to plaintiff, including attorney's fees for Christy.

"SARAH E. JONES,

"Adm'trix of the estate of Richard Jones, deceased.

"PALMER TRIMBLE,

"Attorney for Defendant."

The case was dismissed as agreed. The administratrix (we assume) was paid the $65 agreed upon. She then assigned to these plaintiffs her claim against

defendant as to indemnity against further expense as to attorney fees, plaintiffs surrendering therefor their claim against the estate for the fee agreed upon originally which had been allowed by the probate court. Plaintiffs then instituted this suit against defendant on the agreement set out above and obtained judgment for $62.50, the court taking the view that only that portion of the fee going to plaintiff Christy could be recovered under the terms of the agreement. Defendant appeals.

It is first contended that the terms of the agreement only cover future expense for fees; that is to say, for fees earned after the date of the agreement. This is not a reasonable view to take of the agreement. It must be interpreted in the light of the circumstances surrounding the parties and in view of the result which the parties were attempting to accomplish. The case was put to an end by the agreement and hence there could be no future lawyer fee in that case. It is plainly evident that the agreement meant that the plaintiff in that case was not only to be relieved of any costs in the case but also of her attorneys' fee.

CONSTRUCTION: stipulation to dismiss suit: attorney's fees.

It is now objected that there was no proof that plaintiff was the administratrix of the estate of Richard Jones. This objection is not good. The defendant's abstract of the proceedings of the trial shows plainly enough that such matter was either shown or conceded. Furthermore no point of this kind was made at the trial.

APPELLATE practice: evidence: objection at the trial.

It is next objected that the administratrix had no authority to assign her claim under the foregoing contract to these plaintiffs. This point is likewise not well taken. In one sense her claim against defendant was the claim of these plaintiffs. It was taken for the sum

ADMINISTRATION: assignment of claim: action for benefit of another.

(whatever it might be) due them. Conceding that it was not such a claim as could be assigned by the administratrix under section 209 of the administration law of 1889, yet it being essentially a claim for the benefit of plaintiffs, and in which the estate could have no interest except upon payment to plaintiffs, could be transferred to them. If the action had been prosecuted by the administratrix, it would have been essentially for plaintiffs' benefit. The judgment is affirmed. All concur.