LOUIS J. HUEGEL ET AL. v. MARY M. HUEGEL, Appellant.—46 S. W. (2d) 157.

Court en Banc, February 6, 1932.

572

*Ira H. Lohman, Clark, Boggs, Cave & Peterson* and *Harry T. Limerick, Jr.,* for appellant.

*Irwin & Bushman, H. P. Lauf* and *L. H. Cook* for respondents.

ATWOOD, J.—This is a suit brought by Louis J. Huegel, Charles P. Huegel, Lawrence B. Huegel, Henry O. Huegel, Eugene W. Huegel, Josephine Huegel Kirkpatrick, and Mary Elinor Huegel, by her next friend, Lawrence B. Huegel, the sole surviving heirs at law of Joseph A. Huegel, deceased, against Mary M. Huegel, to set aside his will in which she is named as the principal beneficiary. The petition was filed in the Circuit Court of Cole County, Missouri, on January 19, 1927, and is based solely on allegations to the effect that said will was procured by means of undue influence exercised over Joseph A. Huegel by the said Mary M. Huegel, who was then his wife.

On March 10, 1927, the above named heirs and Chet A. Platt, administrator *pendente lite* of the estate of said Joseph A. Huegel, deceased, filed suit against the said Mary M. Huegel in said circuit court to set aside a transfer of stock in the Central Hotel Company made to her by the said Joseph A. Huegel, on the ground that ''the possession of said stock and the apparent ownership thereof by said Mary M. Huegel was procured from the said Joseph A. Huegel by means of fraud and undue influence committed by the said Mary M. Huegel over the mind and will of the said Joseph A. Huegel,'' all as more fully set forth in plaintiffs' petition.

On June 8, 1927, a stipulation signed as of June 7, 1927, by counsel for plaintiffs and counsel for defendant in both suits, was filed in the will contest suit, the provisions thereof pertinent to this appeal being as follows:

''Whereas, this cause is a suit to contest a will of Joseph A. Huegel, deceased, . . .

''And whereas, another suit has been brought by Chet A. Platt, administrator *pendente lite* of the estate of Joseph A. Huegel, deceased, and the plaintiffs herein, the object of which is to set aside the transfer of shares of stock in the Central Hotel Company of Jefferson City, Missouri, purported to have made by the said Joseph A. Huegel to the said Mary M. Huegel; . . .

''And it is further stipulated, that this suit shall abide the result of the suit brought by Chet A. Platt, administrator, et al., above referred to, to set aside the transfer of said shares of stock in the Central Hotel Company, that is to say, that if the transfer of said shares of stock shall in said suit instituted to set aside their transfer, be finally determined to be void, then a final judgment shall be entered in this cause that the said instrument probated as the last will and testament of the said Joseph A. Huegel is not the last will and testament of the said Joseph A. Huegel.''

On December 9, 1927, on the trial of the suit to set aside the stock transfer, and after all the evidence was considered by the court and both parties had rested their case, plaintiffs asked leave to amend

their petition by adding a second count pleading the single cause of action that defendant held said stock "in trust for the use and benefit of the said Joseph A. Huegel, his personal representative and heirs, the plaintiffs herein." Such leave was granted and, after defendant filed answer to plaintiffs' amended petition, the court found defendant to be "the owner in trust for the use and benefit of the estate of Joseph A. Huegel of said stock," and adjudged that the transfer of said "stock of the Central Hotel Company made by Joseph A. Huegel to Mary M. Huegel, be declared a trust for the use and benefit of the estate of Joseph A. Huegel, and that said transfer of said stock be set aside and the title thereto be vested in Chester A. Platt, Administrator *Pendente Lite* of the Estate of Joseph A. Huegel and that the plaintiffs have and recover of and from the defendant the cost of this suit." On defendant's appeal to the Supreme Court of Missouri this judgment was affirmed October 14, 1930. [326 Mo. 776, 32 S. W. (2d) 605.]

Thereafter, on December 1, 1930, plaintiffs in the will contest suit filed motion therein, in the Circuit Court of Cole County, where said cause was then pending, for judgment in accordance with the above mentioned stipulation. On December 4, 1930, defendant filed motion to set aside said stipulation. Thereafter, on December 26, 1930, the court overruled defendant's said motion, defendant excepting thereto, and rendered judgment sustaining plaintiff's motion for judgment in accordance with said stipulation, and adjudging that "the instrument admitted to probate by the Probate Court of Cole County, Missouri, on the 20th day of December, 1926, as the last will and testament of Joseph A. Huegel, deceased, is not the last will and testament of said Joseph A. Huegel, deceased." From this judgment defendant has appealed.

Defendant alleged in her motion for a new trial, and her counsel now urge, that the trial court erred in overruling her motion to set aside the stipulation and in sustaining plaintiffs' motion for judgment in accordance with said stipulation, for the reason that after the stipulation was signed plaintiffs were permitted to amend their petition in the stock transfer case by adding thereto a second count stating a cause of action not appearing in the original petition, and upon which the case was decided. Before ruling this point it may be well to state some generally recognized principles governing stipulations filed in suits pending.

"Stipulations are regarded as proceedings in the cause, and as such are under the supervision of the court." [36 Cyc. 1280; Galbreath v. Rogers, 30 Mo. App. 401, 406.] "The rule is generally recognized that parties to a suit or their attorneys may enter into a valid agreement that the judgment or decree in that suit shall be the same as, or determined by the judgment or decree in, another which is of the

same character and involves the same issues or interests." [25 R. C. L. sec. 9, p. 1101.] "The rules applicable to the construction of contracts generally govern the courts in their interpretation of stipulations, and thus stipulations will receive a reasonable construction with a view to effecting the intent of the parties; but in seeking the intention of the parties, the language used will not be so construed as to give it the effect of an admission of a fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished, . . . " [36 Cyc. 1291, 1292.] A stipulation "must be interpreted in the light of the circumstances surrounding the parties and in view of the result which the parties were attempting to accomplish." [Christy v. Ry. Co., 70 Mo. App. 43, 46; 20 Cyc., "Pleading and Practice," p. 616.]

We are aware of the rule that an appellate court will not ordinarily interfere with the action of a trial court on application for relief from stipulation of the parties unless an obvious abuse of discretion is disclosed, but the contention here made raises the question of proper construction of the stipulation itself rather than abuse of the chancellor's discretion. Therefore, with the above principles in mind we shall endeavor to ascertain the true meaning and effect of the stipulation in question.

We have already observed that the sole cause of action pleaded in the suit to set aside the will was the procurement of the will through the exercise of undue influence by defendant over the testator, while the suit to set aside the stock transfer was determined on the cause of action, pleaded in the second count of the amended petition which plaintiffs were permitted to file after the close of all the evidence, that such transfer created a trust in favor of Joseph A. Huegel and plaintiffs therein. Now defendant was clearly entitled to have the will case tried on the single pleaded issue of undue influence, and if upon such trial its determination had been upon the theory that the stock transfer made defendant a trustee for the testator and his heirs the judgment would have been just as unauthorized and improper as if the case had been decided on any other extraneous issue. Where two or more cases involve nothing but the same issues opposing counsel may agree, as above noted, that one case may be tried and the other or others abide the result reached therein. This practice obviously serves a good purpose and is to be commended, but it seems equally clear that substantial rights of litigants may be jeopardized and the right of courts to decide upon their merits issues made by the pleadings presented may be seriously impaired if such agreements are promiscuously upheld where, as here, the case to be tried also presents another issue or issues, upon which the judgment may turn, wholly extraneous and irrelevant to the issues made in the other cases. In such a case unless it clearly appears

that the parties to the stipulation thereby intended to waive their right to offer evidence that would support a judgment therein contrary to any judgment that might be rendered on any issue presented in the case to be tried, the stipulation should not be sustained. This is in line with the principles above stated and our own expression in Gary Realty Co. v. Kelly, 278 Mo. 450, 465, 214 S. W. 92, 96. So, in the instant case, unless from the stipulation itself and the circumstances under which it was signed it clearly appears that such was the intent of the parties it would manifestly be unjust and contrary to all sound rules of interpretation to so construe it.

Looking to the allegations contained in plaintiffs' original petition we find that they are word for word the same as those appearing in the first count of the amended petition. They charge:

"That the possession of said stock and the apparent ownership thereof by said Mary M. Huegel was procured from the said Joseph A. Huegel by means of fraud and undue influence committed by the said Mary M. Huegel over the mind and will of the said Joseph A. Huegel; that the said Joseph A. Huegel was at the time of said pretended transfer about seventy-seven years of age; that at the time of said pretended transfer he had intermarried with the defendant, Mary M. Huegel, who was then about forty-five years of age. That the said Mary M. Huegel, designing and intending to cheat, wrong and defraud his natural heirs out of participation of the estate of the said Joseph A. Huegel, and designing and intending to procure for herself all of the property of which the said Joseph A. Huegel might die seized, and to cut his natural heirs adrift and cheat them of their natural inheritance, systematically and intentionally poisoned the mind of the said Joseph A. Huegel against his natural heirs and the natural objects of his bounty by falsely representing and pretending to the said Joseph A. Huegel that it was necessary for him to place the stock belonging to the said Joseph A. Huegel in her name in order that she might be able to finance the building of an addition to the hotel which she, the said Mary M. Huegel, represented to the said Joseph A. Huegel would be of great financial interest to the said Joseph A. Huegel, and that in the end, she, the said Mary M. Huegel would hold the stock for the use and benefit of the said Joseph A. Huegel, and further represented and pretended to the said Joseph A. Huegel that his children had no affection for him, that some of them were afflicted with an incurable disease which had been inherited from their mother, the first wife of the said Joseph A. Huegel, and that his children spoke disrespectfully of and concerning him, that they robbed and stole from the said Joseph A. Huegel; that she contrived to so poison the mind of the said Joseph A. Huegel against his children that she caused him to cease to associate with his children or any one

of them and by *divers* means and wiles employed by her she completely secured control of the mind and will of the said Joseph A. Huegel to such an extent that she substituted her own mind and will for the mind and will of the said Joseph A. Huegel. That the said Joseph A. Huegel became pliant to her every wish and will and obedient to her wish, desire and command, and by means thereof she caused the said Joseph A. Huegel to transfer said stock to her. . . . That by reason of the undue influence of the said Mary M. Huegel he was caused to forget the natural objects of his bounty. The love and affection for his children which he had previously had was by her influence changed to hatred and his whole disposition was changed and remoulded by her for the sole purpose of acquiring his entire estate, and that by means of such undue influence, false pretence and false representations and statements, she acquired the stock belonging to the said Joseph A. Huegel in and to the Central Hotel Company.''

Counsel for respondents contend that the second count of plaintiffs' amended petition is not a departure from the cause of action stated in their original petition because of the following language appearing therein, which is a part of the allegations above quoted: ''that it was necessary for him (Joseph A. Huegel) to place the stock belonging to the said Joseph A. Huegel in her name in order that she might be able to finance the building of an addition to the hotel which she, the said Mary M. Huegel, represented to the said Joseph A. Huegel would be of great financial interest to the said Joseph A. Huegel, and that in the end, she, the said Mary M. Huegel, would hold the stock for the use and benefit of the said Joseph A. Huegel.''

The abstract of the record in this appeal shows that plaintiffs' contention at the trial was that they were entitled to so amend to conform to the proof. The trial judge after some question upheld this contention, counsel for defendant strenuously objecting and excepting thereto. At the same time the court said, ''As far as undue influence is concerned I don't think there is any evidence at all to prove it,'' and this indication of the court's view applies both to the first count of plaintiffs' amended petition and to their original petition, because the same allegations appear in both. This court has never been called upon to determine the propriety of the trial court's holding, in effect, that the second count of the amended petition did not state a new cause of action, because defendant filed answer to the amended petition. However this may be, the clause above quoted and relied upon by respondents as stating the cause of action pleaded in the second count of the amended petition, when read in the light of the context which we have already quoted at length from the original petition, appears to be, and when written

was doubtless intended to be, merely one of the numerous allegations there employed to make up the charge of undue influence. No other purpose is apparent on the face of the petition and we can think of no reason why counsel for defendant should have understood it to mean anything else. Even counsel for plaintiffs apparently attached no other meaning until all the evidence was in.

Furthermore, the stipulation itself pointedly indicates that the parties thereto intended that the stock transfer case should be tried and determined on the issue of undue influence and had no thought that it would be disposed of on the theory that the transfer created a trust. Unlike the stipulations involved in Hanchett Bond Co. v. Glore, 208 Mo. App. 169, 232 S. W. 159, and other cases cited in respondents' brief, the parties did not content themselves with the bare statement this suit should abide the result of the stock transfer suit about to be tried, but further particularized, as follows, "that is to say, that if the transfer of said shares of stock shall in said suit instituted to set aside their transfer, be finally determined to be void, then, etc." The real understanding and intention of the parties is thus specifically disclosed in language aptly indicating not only that the cause to be tried was one to set aside the transfer of stock and not to declare a trust, but that its disposition would be on the issue of undue influence, in which case the transfer of the stock would necessarily be determined to be either valid or void. The language is wholly inapt to indicate a disposition of the case on the issue of whether or not the transfer created a trust, because on that issue in no event would the transfer of the stock "be finally determined to be void."

We think defendant had a right to rely upon the plain, fair and apparently well understood meaning of the stipulation above indicated, and it was not incumbent upon her in order to preserve this right to stand on her challenge to plaintiffs' proffered amendment. If properly within the rules of pleading plaintiffs had a right to so amend, but they could not thus put themselves outside the scope of the stipulation and thereafter claim its benefits.

Counsel for respondents also say that defendant was guilty of laches in not earlier asking that the stipulation be set aside. There is no merit in this claim. Our decision finally determining the stock transfer suit was not handed down until October 14, 1930, and the motion for rehearing filed therein was not overruled until November 18, 1930. Plaintiffs filed their motion for judgment in this case in accordance with the stipulation on December 1, 1930, and three days thereafter defendant filed her motion to set aside the stipulation, setting forth, among others, the grounds here urged. Defendant had a right to assume that the effect of the stipulation would not be extended beyond the true scope and meaning of its terms. As we con-

strue the stipulation there was no occasion for defendant to move to set it aside unless and until plaintiffs sought to procure a judgment in their favor thereunder, and even then such action on the part of defendant would have been unnecessary under a proper interpretation of the stipulation, because plaintiffs' motion for judgment on the stipulation would have been overruled. However, respondents do not claim that they have been thereby misled to their injury, and it appears that defendant moved with all reasonable promptness consistent with orderly procedure in the cause.

Having indicated what we conceive to be the true meaning and proper interpretation of the stipulation, it becomes unnecessary for us to rule other points urged by appellant.

The judgment is reversed and the cause is remanded with instructions to set aside the order sustaining plaintiffs' motion for judgment in accordance with the stipulation and enter an order overruling the same. All concur, except *Henwood, J.*, not sitting.