Donatus EZENWA, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 42502.

Missouri Court of Appeals,
Western District.

May 22, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Gerald L. Thompson, Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

SHANGLER, Presiding Judge.

This is an appeal from a judgment of the circuit court in favor of the petition brought by Donatus Ezenwa, a holder of a Kansas driver's license. The petition was in two counts.

The first count was for review [presumably under § 302.311] of an order of revocation of the license to operate a motor vehicle in Missouri entered by the director of revenue. The revocation was the consequence of the refusal by Ezenwa to submit to a chemical test to determine the alcohol content of his blood after arrest for driving a motor vehicle on the thoroughfares of this state. § 577.041, RSMo Supp.1989. The count for review pleaded that Ezenwa did not knowingly refuse to take the chemical test on the date alleged. It pleaded also that Ezenwa received no notification of the revocation, but became aware of that official action only after he was stopped for a traffic offense and was then charged with driving while the license was revoked. Ezenwa sought to be relieved of that order of suspension.

The second count was an application for a hardship driving privilege under § 302.309.3, RSMo Supp.1989. The pleading, confirmed by an appended affidavit, asserted that Ezenwa was not ineligible for the hardship privilege for any of the reasons delineated in § 302.309.3(5). That section precludes the hardship driving privilege to a person who has more than once within the period of five years before the application refused to submit to the chemical test. § 302.309.3(5)(d). In fact, as the evidence adduced by the certified records of the director shows, Ezenwa refused to submit to a breath analysis twice, on August 11, 1987, and on June 18, 1988. Thus, the remedy the second count invoked was precluded to Ezenwa by the literal text of § 302.309.3(5)(d).[1] Ezenwa nevertheless sought the order of the circuit court to allow him the privilege to operate his motor vehicle to the place of employment and schooling, and return.

The petition named the director of revenue as the defendant, and the county prosecutor appeared as counsel.

The director moved to dismiss the first count as an untimely petition for review under § 302.311. That section confers on one whose license is revoked by the director the status of aggrieved party and the right of review to the circuit court within thirty days after notice of the administrative revocation. The motion to dismiss by the director assumes that the first count seeks review of the earlier incident of revocation—that of August, 1987—and addresses that order. Indeed, the petition for review as pleaded by Ezenwa gives that understanding, and the answer to the petition by the director allows no other understanding. The associate circuit judge sustained the motion and ordered the petition for review and the adjunct application for hardship driving privilege dismissed.[2]

Thereafter, Ezenwa moved the court to reconsider the order of dismissal. There was appended to the motion an affidavit by the legal assistant to counsel for the petitioner that Ezenwa was "having trouble receiving his mail."[3] The cause was taken up by a different associate circuit judge, who entertained the proceeding. Counsel for Ezenwa then asserted to the court—and for the first time—that the petition for review addressed the second incident of revocation, that of June, 1988. It was as to

1. We assume, and fairly, that the second count anticipates a favorable review by the circuit court of the administrative suspension order presented by the first count. As counsel for the petitioner Ezenwa explained to the court, the purpose of the first count was "[j]ust to make him eligible for hardship driving license."

2. The order of dismissal was, presumably, responsive to the pleadings and to the motion, and determined that the petition for review of the

August, 1987, revocation was not brought within thirty days of notice to Ezenwa of that administrative action. § 302.311. Ezenwa attempted no proof or other support for the allegation in the petition for review of failure of notice.

3. The affidavit describes two instances of letters sent by the law office to Ezenwa between October 28, 1988, and January 17, 1989, and returned to the sender.

that revocation that notice by the director failed because Ezenwa was "having trouble receiving his mail." The verbal declarations of counsel were the only support for the substance of the petition for review as well as for its timeliness as an appeal from the order of the director under § 302.311. The prosecutor was present, but tacit.

This indistinctiveness of pleading, procedure and proof pervaded the proceedings, and they came to nothing. The order of the associate circuit judge notwithstanding, the grant of relief on the petition for review so to enable the adjunct application for the hardship privilege was a non-adjudication. It is from this judgment as formulated that the director of revenue appeals.

A review to the circuit court of a motor vehicle license revocation is *de novo* and proceeds in the manner provided by chapter 536. § 302.311. The decision of the director to revoke the Ezenwa license upon the affidavit of the officer that he refused to take the chemical tests is in a noncontested case, and so is governed by the procedures of § 536.150 and Rule 100.01. *See* § 536.010(2).

■ In the "review" of such an administrative decision, the circuit court "does not *review* evidence but *determines* evidence, and on the facts as found adjudges the validity of the agency decision." *Phipps v. School Dist. of Kansas City*, 645 S.W.2d 91, 95 (Mo.App.1982). In short, under the procedures of § 536.150 the circuit court conducts a hearing as on an original action and on the facts as found determines *post hoc* whether the administrative decision was lawful. *Id.* That determination is expressed as an original judgment, and it is the judgment of the circuit court—and not the action of the administrative agency—that comes for review in the court of appeals. *Id.* at 96. The scope of our review is as defined in Rule 73.01 and explained in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *State ex rel. Clark v. Board of Trustees, Kansas City Employees' Retirement System*, 728 S.W.2d 562, 564 (Mo.

App.1987). It is also within our power of disposition upon the completion of review to "give such judgment as the court ought to give." Rule 84.14; *Loomstein v. Medicare Pharmacies, Inc.*, 750 S.W.2d 106, 115 (Mo.App.1988).

■ The proceeding before the associate circuit judge on the petition for review the record reports does not resemble the judicial trial *de novo* § 302.311 accords to a licensee aggrieved by the decision of the director to revoke or that § 536.150 contemplates. The rule of the court on "judicial review" of a noncontested case under § 536.150 is to hear evidence on the merits of the case, to find the facts, and to make a record. *Phipps v. School Dist. of Kansas City*, 645 S.W.2d at 94–5; A. Neely and D. Shinn, 20 Missouri Practice, Administrative Practice and Procedure, § 12.02 (1986). It is akin to the adjudicative function in a jury waived case.[4] *Long v. Bates County Memorial Hosp., Bd. of Directors*, 667 S.W.2d 419, 422[2, 3] (Mo.App.1983). These fundaments of adjudication, however, were not observed. The result is a judgment in form only.

The first count of the Ezenwa petition is for judicial review of the decision of the director of revenue to revoke the Ezenwa driver's license for refusal to submit to the chemical test. The decision to revoke under § 577.041 rests on three findings; (1) that the licensee was arrested; (2) that the arresting officer had reasonable grounds to believe that the licensee was driving a motor vehicle while in an intoxicated condition; and (3) that the licensee refused to submit to the chemical test. A presumption of validity attends an administrative determination, and the proponent of a petition for judicial review of the decision bears the burden to overcome the presumption. *Gamble v. Hoffman*, 732 S.W.2d 890, 892[1] (Mo. banc 1987). In the context of a trial *de novo* of this noncontested case under § 302.311, the burden falls upon the petitioner to show that "in view of the facts as they appear to the court, [the

---

**4.** The kinship is virtual, but not equivalent. Section 536.150.1 withholds from the circuit court on review the prerogative to "substitute its

discretion for discretion legally vested" in the administrative agency.

decision to revoke] was unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion." § 536.150.1. The presentation by counsel for Ezenwa to the associate circuit court impugns only the third premise of the revocation under § 577.041—that Ezenwa refused to take the breathalyzer test.

 In the posture of this petition for review of a revocation filed more than one year after the revocation order was entered by the director of revenue, Ezenwa bore the additional burden to prove that the appeal was taken "within thirty days after notice" of the revocation. § 302.311. *Scanlon v. Kansas City*, 325 Mo. 125, 28 S.W.2d 84, 92 (banc 1930); *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990). That limitation of time is jurisdictional. *Palazzolo v. Director of Revenue*, 760 S.W.2d 190, 191 (Mo.App. 1988).

The judgment entered by the associate circuit judge on the petition does not adjudicate the separate count that pleading alleges—to reinstate the license revoked by the director under § 577.041 and to grant a hardship driving privilege under § 302.309.3. The judgment, rather, collapses the two causes of action with the findings that Ezenwa did not receive notice of the agency revocation of his driving privilege based on a refusal to take the chemical test, that Ezenwa made a timely request for review, and that Ezenwa did not knowingly refuse to take a chemical test on June 18, 1988—and so is not ineligible for the hardship driving privilege. The formal judgment orders only the grant of the privilege to Ezenwa.

None of the "findings" rest on probative evidence, thus the ground on which the order of grant of privilege implicitly rests—the "judgment" to reinstate the license—does not support that adjunctive proceeding.

It is of consequence that all of the "findings", the premises of the "judgment" and order, were as to contested issues. The answer of the director—as did the motion to dismiss—put into issue the untimely pleading for review of the review of the revocation of the license, reasserted that Ezenwa refused the chemical test, and reasserted that Ezenwa received notice of the revocation in contention.[5] The representation of counsel for Ezenwa on oral argument that the prosecutor conceded the proof on the issues of lack of notice of the official revocation for refusal to submit to the chemical test on June 18, 1988, and that—as a fact—Ezenwa did not refuse the test on that occasion, simply does not appear in the record.

The proceeding the transcript reports resembles more an inquiry for pretrial discovery than an adjudication of contested issues on evidence. At the outset, counsel for Ezenwa explained his appearance to the court:

This is a hardship [case] ... He, on his record, has two refusals, and our—our position is that he did not get notice of the second one. If he had received notice, he would have challenged it as ... [j]ust to make him eligible for hardship driving license. I think he can only have one refusal ...

The court then inquired of the prosecutor:

Oh, okay. And you do not—you don't have any problem with that?

The prosecutor responded:

The statute—According to the statute, Your Honor, this court does not have jurisdiction to grant a hardship when the Petitioner has two refusals within a five-year period. That seems to be the case on this driver's record.

Counsel for Ezenwa then informed the court that their evidence would be that Ezenwa "didn't get notice of the refusal," —and also advised: "Well, I've got a prob-

---

5. There was no issue that the official actions the statutes require antecedent to a valid revocation of license for refusal to submit to a chemical test had been taken. Authenticated copies of the affidavit of the officer of the refusal of chemical test by Ezenwa on June 18, 1988, the driving record of the licensee, and the notice of loss of driving privilege as mailed to Ezenwa to his last known address on June 29, 1988, were part of the pleadings of both Ezenwa and the director. Those records were valid evidence. § 302.312, RSMo Supp.1990.

lem because he's [Ezenwa] not here." The court asked, nevertheless, whether there was any reason the issues of notice and that Ezenwa did not refuse to take the chemical test on June 18, 1988, could not be tried. The prosecutor replied: "Not that I know of, Your Honor."

The proceedings then reached the "evidentiary" phase:

The Court:

Have we got all the witnesses here?

Counsel for Ezenwa:

Well, my client is not here now. Well, we just got it transferred over today and—I was just going to present the evidence and see if he [the prosecutor?] objects.

You know, the Petitioner's evidence is that he did not receive notice of the—of the Director's notification that he had been revoked for refusal to take the test. These are my own letters going to his correct address, which is the same address.

The Court:

You guys are "speeding" with me. I don't—for some reason or other, these statutes will not stay in my mind. They're so—they're so annoying to deal with or something, so I have to get reeducated every time.

Counsel for Ezenwa:

This is the statute that causes him to be ineligible, it's 302.309.

The Court:

All right. Okay. But what—what does the notice have to do with whether or not he refused?

Counsel for Ezenwa:

Well, he—if he had known that he was being revoked for refusing to take the chemical test, then he would have challenged it.

The Court:

He knew he was going to be revoked.

Counsel for Ezenwa:

Yeah, he—

The Court:

He had been told that he was going to be revoked, right?

Counsel for Ezenwa:

Well, he never got the notice. He has the right to appeal within 30 days—

The Court:

Oh, I see.

Counsel for Ezenwa:

—of receiving the notice.

The Court:

He didn't—We never—That was never litigated.

Counsel for Ezenwa:

He would have litigated it, and we're arguing that the statute hasn't run on that issue and that we raised it in our petition.

The Court:

Oh.

Counsel for Ezenwa:

—and I'm trying to show—I'm trying to rebut the presumption with this, and there is an affidavit attached.

The Court:

Well, no. There has to be a way to get that up, I would think.

Counsel for Ezenwa:

And all I'm trying to do is get a hardship driving thing for him.

The Court:

I'm going to—Okay. What kind of car is he driving?

. . . .

This renders the essential proceeding. The entry of judgment followed.

Ezenwa describes these interchanges as "oral testimony" and "stipulations" sufficiently probative to derive the findings of fact on which the "judgment" rests: that Ezenwa did not receive notice of the revocation based on the refusal to take the chemical test, and that Ezenwa did not refuse to submit to the test.

■ The "oral testimony" of counsel was competent evidence, Ezenwa asserts, because given without objection of the prosecutor. There is scant basis in the record to infer, however, that the remarks of counsel were understood by the prosecutor as, or were actually tendered as, a witness. The prosecutor twice stated the position of the director, with emphasis, that under the statute [§ 302.309.3(5)(d) ] the court was

without subject matter jurisdiction to entertain the application for a hardship driving privilege because Ezenwa had twice within five years refused a chemical test. Moreover, counsel did not ask for the oath—nor should have. [Rule 4, Rule 3.7]. There was no sworn testimony concerning the lack of notice of the revocation and that Ezenwa did not refuse the chemical test— the only facts in dispute. Whatever the accuracy of the statements by counsel to the court, they were not competent on the issues. *Landers v. Smith*, 379 S.W.2d 884, 887[4] (Mo.App.1964). Unsworn statements of trial counsel do not prove themselves or constitute evidence. *Kettler v. Hampton*, 365 S.W.2d 518, 523[11, 12] (Mo. 1963).

■ Nor were the issues concluded by stipulation or other means of proof. A stipulation is an agreement between counsel with respect to business before the court, and although not a usual pleading, is a proceeding in the cause and so under the supervision of the court. *Pierson v. Allen*, 409 S.W.2d 127, 130[3–5] (Mo.1966). Its purpose is to eliminate from the trial of a cause an issue otherwise required for determination, and so to avoid delay, trouble and expense. 73 Am.Jur.2d *STIPULATIONS* § 1 (1974). The rules of contracts apply to stipulations, and as in the construction of contracts, so stipulations are construed in terms of the surrounding circumstances and the *intent of the parties*. *Huegel v. Huegel*, 329 Mo. 571, 46 S.W.2d 157, 158[1–4] (banc 1932). Thus, that stipulations may be rendered orally rather than in writing, does not impair their validity. *Markwardt v. Markwardt*, 617 S.W.2d 461, 462[1] (Mo.App.1981). In either event, they are controlling and conclusive, and courts are bound to enforce them. *Keller v. Keklikian*, 362 Mo. 919, 244 S.W.2d 1001, 1004[2, 3] (1951).

■ Ezenwa contends that the issues of fact were concluded by oral stipulation, but does not explain how his discontinuous rambling with the court—to which his brief alludes as the source of the evidentiary concessions—constitutes the agreement of the prosecutor to dispense with proof. The prosecutor twice disputed the authority of the court to proceed on the basis of the pleadings and appended official copy of Ezenwa's driving record—which clearly disclosed his ineligibility for the hardship privilege. Then, in response to the inquiry of the court if there was any reason that the issues could not be tried—the prosecutor responded that there was not. If, as Ezenwa contends, the continuum of interchanges was meant as a stipulation, there would have been no necessity for a trial—since the issues would have been conceded by the director. The term *stipulation* does not appear in the record, nor does the intent of the parties, nor the understanding of the court, to that purpose. Language will not be construed as a stipulation, and hence as an agreement to admit a fact obviously intended to be controverted, or as the waiver of a right, unless plainly intended to be relinquished. *Huegel v. Huegel*, 46 S.W.2d at 158[1–4].

Ezenwa also points to an exhibit appended to his motion for reconsideration of the judgment of dismissal originally entered against the Ezenwa petition. It displays the front of two envelopes addressed to Ezenwa, one postmarked January 17, 1989, and the other marked October 28, 1988. One of them bears the mark "return to sender." It is, we assume, meant as proof that Ezenwa was not receiving his mail regularly on those occasions. The official records of the director show that the notice of revocation in issue here was mailed to Ezenwa on June 29, 1988. Thus, even if the exhibit was before the court, although not presented or qualified, it was not probative that at the time the director mailed the notice of revocation—four months earlier—Ezenwa did not receive it, or it was to an address where he could not receive it. There was no evidence, even, that the letter from the director was ever returned as not delivered.

These arguments of proof of the counts of the petition by oral testimony of counsel, by stipulation, and by exhibit are in any event futile to sustain the judgment. That adjudication, once again, assumed as proven facts that not only did Ezenwa not re-

ceive the notice of revocation—so as to allow the petition for review as still timely—but also that Ezenwa did not refuse the chemical test—so as to invalidate that revocation and render him eligible still for the limited driving privilege under § 302.309.3. There was no mention, despite the welter of words between counsel and the court, that Ezenwa did not ·refuse to take the chemical test on June 18, 1988. There was only mention by his counsel to the court that had Ezenwa received the official notice of the revocation, "He would have challenged it," and again, "He would have challenged it," and "He would have litigated it." Those representations, even conceded as fact, do not constitute proof that he did not refuse the test.

We enter the judgment the associate circuit court should have entered on the review *de novo*, and dismiss the Ezenwa petition.

■ Finally, the petitioner Ezenwa moved in this court to dismiss the appeal of the director of revenue as without standing for that purpose. The motion cites *Munson v. Director of Revenue*, 783 S.W.2d 912 (Mo. banc 1990). In *Munson* our supreme court en banc explained that the procedure for a hardship driving privilege under § 302.309.3 is an *ex parte* proceeding. The scheme of the statute does not confer party status upon the director, nor does integral chapter 302, nor can the director claim the interest in the subject matter requisite for joinder under Rule 52.04. *Id.* at 914[3]. The legislative scheme assumes that the trial court will act upon a proper petition and faithfully apply the law to the facts disclosed by the driving record. *Id.* at 915[5]. In that exercise of judicial duty under § 302.309.3, the director has no role of oversight, and hence no ground for aggrievement and appeal from any judgment rendered.

The judgment on appeal, however, anomalously merges the adjudications of two disparate causes of action into one decree. The litigation of one of them—the *de novo* review of the administrative decision by the director to revoke a license under § 302.311—requires the joinder of the director as a necessary party at the trial, and hence on the appeal. *Laiben v. State*, 684 S.W.2d 943, 945[2] (Mo.App.1985). The litigation of the other of them—the application for hardship driving privilege under § 302.309.3—confers no status on the director at the hearing, and hence none on the appeal. *Munson v. Director of Revenue*, 783 S.W.2d at 915[5].

The director was properly and by necessity a party before the associate circuit court, and now before this court, in the litigation of the *de novo* review under § 302.311. Accordingly, the judgment that decides that cause adversely to the director is an aggrievement that confers standing for appeal to this court. That the judgment mixes two decisions, one that aggrieves the director and the other that does not, does not lessen the aggrievement. Our opinion determines that there was no proof that Ezenwa did not refuse to take the chemical test on June 18, 1988, and hence there was no basis to set aside the revocation of license based on that refusal—an antecedent adjudication essential to the jurisdiction of the associate circuit court to entertain his application for hardship driving privilege. It would be a usual exercise of appellate jurisdiction for this court to remand the proceeding to the associate circuit court for entry of judgment in favor of the director of revenue on the petition for review because of that failure of proof. The consequences of such a direction, as the associate circuit court and the litigants understand, would be to deprive that court of jurisdiction to adjudicate the Ezenwa application for hardship driving privilege. We exercise another, and more expedient prerogative instead: We enter a final disposition and give the judgment that the associate circuit court ought to have given. We dismiss the Ezenwa petition altogether. Rule 84.14.

The motion of the petitioner Ezenwa to dismiss the appeal of the director of revenue is denied. The judgment is vacated and the Ezenwa petition is dismissed.

All concur.